THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSE W. LONG, Defendant-Appellant.

(Nos. 74-41, 74-378 cons.;

Second District (2nd Division)—July 30, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, Jesse Long, was indicted by the Winnebago County Grand Jury for the offenses of rape, aggravated kidnapping and armed robbery. On September 24, 1973, defendant plead guilty to all three counts. At the subsequent sentencing hearing defendant was sentenced to concurrent terms of 10-25 years in prison. He appeals.

The issues on appeal are:

I. Whether the trial court should have sua sponte ordered a com-

petency hearing to determine defendant's competency to enter a guilty plea when it was presented with evidence of defendant's history of cerebral concussion, chronic alcoholism, alcoholic amnesia, suicidal risk and other character disorders?

II. Whether the trial court had the duty to admonish defendant of the possibility of an insanity defense in the instant case?

III. Whether the trial court's admonition on the nature of the charges was insufficient compliance with Rule 402?

IV. Whether defendant's plea to aggravated kidnapping was neither intelligent nor voluntary where defense counsel and the trial court indicated to defendant that the defense of intoxication was of no value in the instant case?

V. Whether the guilty plea was not supported by a factual basis in that defendant negated an element of the charge?

VI. Whether defendant can be convicted and sentenced for both rape and aggravated kidnapping?

VII. Whether at the sentencing hearing the court considered improper evidence, i.e., juvenile arrests not resulting in adjudications of delinquency and an adult arrest not reduced to conviction?

VIII. Whether the sentence in the instant case was excessive?

I.

■■■ If a bona fide doubt as to defendant's competency to enter a plea was raised in the presentence reports, the trial court would have been required to order a competency hearing. (*People v. Shrake*, 25 Ill.2d 141; Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1(c).) In the instant case, the reports of two psychiatrists who evaluated defendant indicated that he suffered from chronic alcoholism, alcoholic amnesia, passive aggressive personality, loss of reality and control upon excessive drinking, headaches due to cerebral concussion, and anxiety and depression suggesting suicidal risk. However, the reports also indicated that defendant had logical thought processes and that defendant gave a detailed account of the instant offenses. Both reports concluded that defendant was not psychotic and that he did meet the legal competency standard, *i.e.*, understands the charges against him and cooperates with counsel. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1(a).) If a defendant meets this standard, he is competent although his mind may otherwise be unsound. (*Withers v. People*, 23 Ill.2d 131.) Also, even though a defendant "* * * may possess a sociopathic personality and suffer from psychological and social disturbances, these circumstances without more are not sufficient to raise a bona fide doubt as to his competence. *The*

*People v. Hammond,* 45 Ill.2d 269, 259 N.E.2d 44." (*People v. McElroy,* 125 Ill.App.2d 237, 243.) The test for competency to plead guilty is the same as for competency to stand trial. *Withers; People v. Heral,* 25 Ill. App.3d 806, 323 N.E.2d 138; *People v. McElroy.*

■■ The question as to whether a bona fide doubt existed as to defendant's competency was largely within the discretion of the trial court. (*People v. Southwood,* 49 Ill.2d 228.) The decision of the trial judge will only be reversed for an abuse of discretion. (*People v. Harris,* 47 Ill.2d 106.) *Pate v. Robinson,* 383 U.S. 375, 15 L.Ed.2d 815, 86 S.Ct. 836, cited by defendant is not on point as there defense counsel contended that the defendant was insane, the defendant's relatives testified that he was insane and the trial judge refused a continuance of several hours in order to get a psychiatrist's testimony. There was no abuse of discretion in the instant case.

## II.

■■ Defendant next cites as error that he was not informed of the possibility of an insanity defense. There is no authority for the proposition that a trial judge must inform a defendant of the possibility of an insanity defense. However, it is clear in the instant case that defendant knew of such a possibility, as did his attorney, and both discarded it.

> "Mr. Beu: * * * The information given to me orally by Dr. Graybill excludes any issue that might be raised of temporary or permanent insanity. I have talked with Mr. Long, he knows I have talked personally with Dr. Graybill, and we have arrived at the decision as to how we wish to proceed.
> * * *
> The Court: Do you agree, Mr. Long, with your attorney, what he just said?
> Defendant Long: Yes, sir."

There is not the slightest indication in the record of incompetence of counsel in failing to raise an insanity defense, given the opinions of the psychiatrists, nor does defendant allege incompetence of counsel. No error is present in regard to a possible insanity defense. See *People v. Heral,* 25 Ill.App.3d 806, 323 N.E.2d 138.

## III.

■ It is clear that according to *People v. Krantz,* 58 Ill.2d 187, the Rule 402(a)(1) requirement that a defendant be informed of and have an understanding of the nature of the charge against him has been met in the instant case. The entire record is to be considered; here the judge paraphrased the indictments to defendant and the State's attorney

recited what the evidence against defendant would show, to which recitation neither defendant, nor his counsel demurred. There is also an explicit confession signed by defendant. As indicated in *Krantz*, Rule 402, as to understanding the nature of the charge, has been complied with if an ordinary person in the situation of the defendant would understand what was said as conveying the information required by the rule. Such is the case here.

## IV.

■■ The fact that defendant was not informed by the court as to the possibility of an intoxication defense to the aggravated kidnapping charge did not render his plea involuntary or unintelligent. To be able to assert an intoxication defense, one must be able to show that drunkenness existed to such a degree that he was completely unable to form the specific intent required to commit the offense. (*People v. Gonzales*, 40 Ill.2d 233; Ill. Rev. Stat. 1973, ch. 38, par. 6—3(a).) The specific intent relevant to aggravated kidnapping is knowledge. (Ill. Rev. Stat. 1973, ch. 38, par. 10—1(a).) Thus, defendant would ·have to defend himself on the argument that he was so intoxicated that he did not know what he was doing. The record indicates that such was not the case. The confession defendant signed was very detailed. It defies logic to accept that defendant could have been so very intoxicated and still remember so many details of the instant offenses. Also, in the statement defendant indicated that he had been drinking just prior to these offenses and that he had problems with alcohol, but nowhere in his statement does he say that he did not know what he was doing. The import of the statement is quite the opposite when one considers that defendant admits therein that he tied a jacket around his face, told the man with the rape victim to get out of the car, counted the money taken from the man, put the man in the trunk of his car, and then put the girl in the back seat of the offender's car and had intercourse with her. These are not the actions of a highly intoxicated individual.

At the sentencing hearing defendant again displayed an excellent memory regarding the instant offenses. Defendant did testify at his sentencing hearing that at the time of the instant offenses "* * * I was out of my mind drunk." However, taking his isolated statement with the detailed account defendant gave of the offenses, with the conduct of defendant during the offenses and with the fact that his counsel did not deem him so intoxicated as to have a defense, it does not appear that defendant was intoxicated to the degree necessary to constitute a defense.

Also, the statement of the judge just prior to sentencing that "As far

as I am concerned, your drinking is no excuse at all," appears simply to refer to the fact that the record would not support an intoxication defense.

## V.

Defendant contends that his degree of intoxication negated the knowledge element of aggravated kidnapping, hence his plea was not voluntary and intelligent. *People v. Morreale*, 412 Ill. 528, cited by defendant as relevant on this point, involved a defendant who was induced to rely on a State's Attorney's statement that he would get probation, who was advised to plead guilty by a young associate who took over for the defendant's actual counsel, and who made a motion to withdraw his plea. No such motion was made in the instant case. As stated above, the record indicates that defendant did know what he was doing while committing the instant offenses.

> "Defendant's second issue is premised on the fact that his trial counsel failed to inform him that he had a valid defense, *i.e.*, that he did not knowingly have possession of the marijuana. Having ascertained that defendant did have knowledge, under the circumstances, this issue must fail." *People v. Linden*, 27 Ill.App.3d 45, 49, 325 N.E.2d 809.

Also, *People v. Cook*, 1 Ill.App.3d 292, 295-96, deals with the essence of the instant argument:

> "* * * defendant proceeds to a further argument that his plea cannot be said to have been entered knowingly and with full understanding in face of the fact that at the hearing three days later he actually denied that his presence on the scene was motivated by any criminal intent. We cannot accept this argument. It is purely self-serving, and, if recognized as valid, it would open a Pandora's box of never ending litigation affecting all guilty pleas and subjecting them to doubt at the whim of the accused. * * * Here neither defendant nor his attorney saw fit even to request the trial court to withdraw his plea. It would appear that defendant's purpose at his hearing in aggravation and mitigation was merely an attempt to gloss over his involvement in the crime in an effort to persuade the court to impose a lighter sentence than he might have otherwise. We find that defendant's contention, made for the first time on appeal, was not well taken."

■■ In light of what has been said above, defendant's argument that the plea was not supported by a sufficient factual basis must fall.

## VI.

Defendant was properly convicted and sentenced for both aggravated kidnapping and rape. *People v. Canale,* 52 Ill.2d 107, in a situation analogous to the instant offense, specifically held that the aggravated kidnapping conviction would stand, in addition to the rape conviction. (See also *People v. Pardue,* 6 Ill.App.3d 430.) *People v. Sims,* 20 Ill. App.3d 1068, is contra, but it does not mention *Canale.*

## VII.

In the instant case, the presentence report indicated that defendant had prior convictions for involuntary manslaughter and aggravated battery, in addition to several juvenile arrests not resulting in adjudications of delinquency and one adult arrest not resulting in a conviction. These two convictions, coupled with the brutality of the instant offenses (including defendant's striking the robbery victim with a shotgun), were more than enough for the trial judge to base the sentences on, without considering the arrests not reduced to convictions. There is a presumption that the trial judge recognized any incompetent evidence at the sentencing hearing and disregarded it. *People v. Fuca,* 43 Ill.2d 182.

> "There being in the record no 'definitive indication' the sentence was based on prejudicial considerations (*People v. Gaines,* 21 Ill.App.3d 839, 848, 316 N.E.2d 14) resentencing before a different trial judge is not required here." *People v. Glover,* 27 Ill.App.3d 827, 831, 327 N.E.2d 310, 313.

## VIII.

An appellate court will not set aside a sentence unless there is a manifest abuse of discretion. (*People v. Taylor,* 33 Ill.2d 417.) *People v. Walcher,* 42 Ill.2d 159, indicates that the fact that one is an alcoholic may be a factor to take into consideration in sentencing. However, aggravating factors (prior record, brutality of the offense), as mentioned above, are also to be considered. There are many cases where defendants were sentenced more severely for lesser offenses than the instant offenses. Also, the sentences here ran concurrently, rather than consecutively. We can find no abuse of discretion in the concurrent sentences of 10-25 years. See also *People v. Cross,* 27 Ill.App.3d 785, 327 N.E.2d 81.

For the foregoing reasons the judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.