THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT ALLEN MYERS, Defendant-Appellant.

Third District   No. 76-150

Opinion filed January 7, 1977.

Robert Agostinelli and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, for appellant.

John D. Sloan, State's Attorney, of Aledo (James E. Hinterlong and Michael B. Weinstein, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by defendant Robert Allen Myers from the conviction in a bench trial of the offense of forgery in violation of section 17—3(a)(2) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 17—3(a)(2)). Following conviction, defendant was sentenced to a term of imprisonment of not less than 1 nor more than 5 years.

The defendant Robert Allen Myers was charged by information with the offense of forgery. There was no indictment. The offense occurred on or about December 21, 1973. On appeal in this court, defendant challenges the procedure, and contends that the application of the amendment to section 111—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—2), was improperly applied retroactively to allow the State to proceed by information where the law at the time the offense was committed, and at the time defendant was originally charged, required all felonies to be prosecuted by indictment. It is contended that the procedure violated the *ex post facto* provisions of the United States and Illinois Constitutions and contravened principles of statutory construction.

It appears from the record that prior to or during the month of April 1975, an indictment was returned charging defendant Myers, but the Circuit Court of Mercer County refused to accept the indictment because the grand jury was tainted. In April 1975, subsequent to the return of the indictment, the State filed an information which charged defendant had

committed the offense of forgery, in violation of the Criminal Code as hereinabove specified, by executing a document capable of defrauding. Defendant, acting without counsel, waived preliminary hearing on the information. Defendant was admitted to bond and in June 1975, filed a motion for discovery and a bill of particulars, which were answered in November.

On October 1, 1975, an amendment to section 111—2 of the Code of Criminal Procedure became effective, and authorized the commencement of felony prosecutions by either indictment or information. On October 30, 1975, the State filed an information, on which the conviction is based, and charged the offense of forgery based on the same acts as alleged in the earlier information. The information last filed differed from the prior information in that it charged a violation of section 17—3(a)(2) of the Criminal Code based on delivery of a document capable of defrauding. Defendant was arraigned on the later information and a preliminary hearing was held on November 5, 1975, on that information.

On November 12, 1975, defendant filed a motion to quash arraignment on the old information on the ground that at the time the offense was allegedly committed and at the time the information was filed, the prosecution for a felony could proceed only by indictment, unless waived by the defendant. That motion, as well as others filed by the defense in the earlier information proceeding, was, by order of the trial court, considered as filed in the proceeding involving the second information which was filed on October 30, 1975. In the hearing on November 12, 1975, the two causes were consolidated for trial on the State's motion. On November 17, 1975, after a hearing on defendant's motion to suppress a confession, the trial court ruled that the State could not proceed on the earlier information, since that information was filed prior to the effective date of the amendment to section 111—2 of the Code of Criminal Procedure to which we have referred. The court also ruled that the prosecution on the later information, which was filed on October 30, 1975, could proceed, since that information was filed subsequent to October 1, 1975, the effective date of the statutory change. The cases were then severed and the State was ordered to and did proceed to trial on the later information filed on October 30, 1975.

Sometime in the month of November 1975, the State filed a bill of particulars which alleged that the date of the offense involved was on or about January 10, 1974, whereas the information had alleged that the offense was committed on or about December 21, 1973. A bench trial was begun on November 24, 1975. The evidence for the State established that during the holiday season, in December of 1973 or January 1974, defendant presented an Iowa welfare check (payable in the sum of $166

to Estafana Perales) to a cashier at LeRoy's Jack and Jill. Although the check was not signed in the cashier's presence, it was endorsed with the name Perales and with defendant's name. Both signatures on the back of the check were written by the same person. The writing on the back of the check matched defendant's handwriting specimen. The cashier cashed the check for the defendant (who had entered the store alone and did not purchase anything). The store could not obtain payment on the check.

The evidence for the State included testimony by a postal inspector, who, on October 17, 1974, had taken a statement from the defendant at defendant's home. In that statement, defendant first denied that he had endorsed the name of the payee, Estafana Perales, but later admitted that he had done so. By way of explanation, defendant asserted that he first saw the welfare check at the apartment of Shirley Garcia, who told defendant that she had received the check from an aunt in return for a debt owned to Garcia. Garcia, he stated, asked defendant if he could get the check cashed. Defendant agreed to help, and drove to Jack and Jill with Garcia, where he cashed the check. Defendant told the postal inspector that, in return for his aid, Garcia gave him $10. The statement disclaimed any knowledge on the part of defendant that the check was stolen.

No evidence was presented on behalf of the defense, but a motion for a directed verdict was made on the ground that there was no evidence of intent to defraud and no evidence that defendant did not have authority to endorse and deliver the check. The trial court took the case under advisement, and thereafter on November 26, 1975, found defendant guilty as charged.

A motion in arrest of judgment was filed on December 19, 1975, which again urged that the State was required to proceed by indictment rather than information. On February 13, 1975, the court heard arguments on the motion and denied the motion, and thereafter sentenced defendant to a term of not less than 1 nor more than 5 years imprisonment.

The first consideration involved in the instant case is whether the legislature intended the statutory change to apply to prosecutions for offenses which were committed prior to the effective date of the amendment to section 111—2 of the Code of Criminal Procedure. Section 4 of the Statutory Construction Act (Ill. Rev. Stat. 1975, ch. 131, par. 4) provides in part:

> "No new law shall be construed to repeal a former law * * * as to any * * * right accrued, or claim arising under the former law, or in any way whatever to affect any * * * right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding."

In *People v. Anderson* (1973), 53 Ill. 2d 437, 292 N.E.2d 364, the Illinois Supreme Court considered the retroactive application of an amendment to section 103—5(b) of the Code of Criminal Procedure. At the time the defendant in *Anderson* was charged, section 103—5(b) of the Code of Criminal Procedure provided:

> "Every person on bail or recognizance shall be tried by the court having jurisdiction within 120 days from the date defendant demands trial unless delay is occasioned by the defendant * * *."

By amendment effective subsequent to the commencement of proceedings against the defendant in the *Anderson* case, the statutory period of 120 days was enlarged to 160 days. After the effective date of the amendment, the defendant demanded trial. In the *Anderson* case referred to, the supreme court, after citing the Statutory Construction Act, stated (at pages 440-41 of 53 Ill. 2d):

> "It is our opinion that the right to be discharged under the statute can not be regarded as an 'accrued right,' within the meaning of the Statutory Construction Act, until the statutory period has expired, and that the period fixed in the amendatory statute was intended to apply in all cases except those in which the defendant had become entitled to discharge before it became effective."

■■ In *People v. Theo* (1st Dist. 1971), 133 Ill. App. 2d 684, 273 N.E.2d 498, the appellate court considered the retroactive application of an amendment to section 114—12 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 114—12). The defendant in the *Theo* case filed a motion to suppress certain articles, alleging that they had been unlawfully seized at the time when section 114—12(d) provided:

> "The motion [to suppress evidence illegally seized] shall be made only before a court with jurisdiction to try the offense and the motion may be renewed if the trial takes place before a judge other than the one who heard the motion." (Ill. Rev. Stat. 1967, ch. 38, par. 114—12(d).)

Subsequent to the hearing on defendant's motion to suppress, an amendment to section 114—12 became effective which deleted the phrase, " * * * and the motion may be renewed if the trial takes place before a judge other than the one who heard the motion." The appellate court in the *Theo* case, in holding that the trial court had properly conducted a second hearing on the motion to suppress, did not cite the Statutory Construction Act. The Court did, however, state at 133 Ill. App. 2d 684, 687:

> "As a general rule statutes and amendatory acts are presumed to operate prospectively unless the statutory language is so clear as to admit of no other construction. [Citations.] One of the exceptions

to this general rule is that statutes or amendments which relate only to remedies or forms of procedure are given retrospective application. (*Orlicki v. McCarthy*, 4 Ill. 2d 342, 122 N.E.2d 513.) This exception, however is not always applied. The operation of a new procedural rule can affect the assertion of a right, and when the effect of a new procedural rule on its effective date is to destroy a right, the statute or amendment creating the rule is not applied retrospectively. *Hogan v. Bleeker*, 29 Ill. 2d 181, 193 N.E.2d 844."

■■ In our analysis of the amendment to section 111—2 of the Code of Criminal Procedure, we must conclude that it is essentially procedural in nature, and that defendant did not, by commission of the offense alleged or by any events occurring subsequent thereto, acquire any "accrued right" within the meaning of the Statutory Construction Act. We, therefore, conclude that the trial court properly construed the statutory amendments so as to authorize the State to commence prosecution of the defendant in this cause by information as noted in the record.

■■ A further contention is made by defendant to the effect that the amendment to section 111—2 of the Code of Criminal Procedure, as construed and applied in this case, would violate the *ex post facto* prohibitions of the United States and Illinois constitutions. The United States Supreme Court, however, in *Beazell v. Ohio*, 269 U.S. 167, 169-71, 70 L. Ed. 216, 217-18, 46 S. Ct. 68 (1925), had held:

> "It is settled, by decisions of this court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*."

The Supreme Court pointed out that the constitutional prohibition and the judicial interpretation of the statute rest upon the notion that laws, whatever their form, which purport to make innocent acts criminal after the event, or to aggravate an offense, are harsh and oppressive, and that the criminal quality attributable to an act, either by the legal definition of the offense or by the nature or amount of the punishment imposed for its commission, should not be altered by legislative enactment, after the fact, to the disadvantage of the accused.

■■■ The court in *Beazell v. Ohio*, however, expressly stated:

> "Expressions are to be found in earlier judicial opinions to the effect that the constitutional limitation may be transgressed by alterations in the rules of evidence or procedure. (Citations omitted). And there may be procedural changes which operate to

deny to the accused a defense available under the laws in force at the time of the commission of his offense, or which otherwise affect him in such a harsh and arbitrary manner as to fall within the constitutional prohibition. (Citations omitted). But it is now well settled that statutory changes in the mode of trial or the rules of evidence, which do not deprive the accused of a defense and which operate only in a limited and unsubstantial manner to his disadvantage, are not prohibited. * * *

Just what alterations of procedure will be held to be of sufficient moment to transgress the constitutional prohibition cannot be embraced within a formula or stated in a general proposition. The distinction is one of degree. But the constitutional provision was intended to secure substantial personal rights against arbitrary and oppressive legislation * * * and *not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance. * * *"* (Emphasis added.) 269 U.S. 167, 170-71, 70 L. Ed. 216, 218.

The Illinois Supreme Court in *People v. Anderson*, 53 Ill. 2d 437, 441, treated this issue by stating:

"The new provision did not make criminal an act that was innocent when done; it did not increase the punishment for a previously committed offense; and it did not alter the legal rules of evidence in order to convict the defendant. Nor did the new provision deprive the defendant of any substantive right or defense available to her at the time of the offense."

The Illinois Supreme Court in *People v. Anderson* cited *Beazell v. Ohio* as authority for its conclusion in the *Anderson* case.

The issue now before us has been considered in many jurisdictions, and the courts, of California (*People v. Campbell*, 59 Cal. 243, 43 Am. R. 257 (1881)), of Ohio (*Wells v. Maxwell*, 174 Ohio St. 198, 188 N.E.2d 160 (1963)), of Indiana (*Sage v. State*, 127 Ind. 15, 26 N.E. 667 (1891)), of Missouri (*State v. Kyle*, 166 Mo. 287, 65 S.W. 763 (1901)), of Wyoming (*In re Wright*, 3 Wyo. 478, 27 P. 565 (1891)), and of Washington (*Lybarger v. State*, 2 Wash. 552, 27 P. 449 (1891)), have all considered the issue presented in the instant case, and have ruled that the statutory amendments allowing prosecutions to proceed by information rather than indictment, as applied to prosecutions for offenses committed prior to the effective date of the amendments, but commenced subsequent to the effective date of the amendments, did not constitute prohibited *ex post facto* laws.

We note that a few States have concluded that the statutes, as applied, may have violated *ex post facto* prohibitions. We believe, however, that

such cases are either distinguishable or not otherwise rationally applicable to the issue before us.

■■ We conclude and find that the amendment to section 111—2 of the Code of Criminal Procedure, as applied in this cause, does not involve a prohibited *ex post facto* law. The statutory change did not substantively alter an offense, the punishment of an offense, or the rules of evidence used in proving the commission of an offense, after the offense was committed. The change here was solely one of procedure, which did not deprive the defendant of any substantive right or defense available at the time of the commission of the offense.

For the reasons stated, therefore, the judgment of the Circuit Court of Mercer County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.