THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HERMAN C. TIBBS, JR., Defendant-Appellant.

Fourth District    No. 13690

Opinion filed March 10, 1977.

Richard J. Wilson and Barbara A. Chasnoff, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Herman Tibbs, appeals from his conviction of felony theft, a violation of section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 16—1). The only question is whether the charging of the offense by information violated any right that defendant had to be charged by indictment.

On September 24, 1975, a house under construction in Decatur, Illinois, was broken into. Various items were taken, including a refrigerator, stove, medicine cabinets and kitchen cabinets. Defendant was arrested on October 3, 1975, following a police search of his house wherein the stolen items were found. On October 7, 1975, an information was filed charging defendant with burglary and theft over $150 (two counts). The jury found the defendant not guilty of burglary and guilty of one count of theft over $150.

Section 7 of article I of the 1970 Illinois Constitution provides:

"No person shall be held to answer for a criminal offense unless on indictment of a grand jury, except in cases in which the

punishment is by fine or by imprisonment other than in the penitentiary, in cases of impeachment, and in cases arising in the militia when in actual service in time of war or public danger. The General Assembly by law may abolish the grand jury or further limit its use." (Ill. Const. 1970, art. I. §7.)

Section 111—2(a) of the Code of Criminal Procedure of 1963 states the relevant legislative enactment in force on September 24, 1975, as follows:

"All prosecutions of felonies shall be by indictment unless waived understandingly by the accused in open court, and unless the State expressly concurs in such waiver in open court." (Ill. Rev. Stat. 1973, ch. 38, par. 111—2(a).)

However, our General Assembly materially amended section 111—2(a), effective October 1, 1975, to provide that all prosecutions of felonies shall be by information or by indictment. The amended statute states:

"All prosecutions of felonies shall be by information or by indictment. No prosecution may be pursued by information unless a preliminary hearing has been held or waived in accordance with Section 109—3 and at that hearing probable cause to believe the defendant committed an offense was found." Ill. Rev. Stat. 1975, ch. 38, par. 111—2(a).

In the instant case, the defendant committed an offense on September 24, 1975, prior to the effective date for amended section 111—2(a), but he was not charged with or prosecuted for that offense until October 7, 1975. Accordingly, the amended statute which took effect on October 1, 1975, applies by its express terms to the instant case.

The defendant suggests, however, that the application of the amended statute would divest him of a vested constitutional right and that this is an *ex post facto* application of the law in violation of section 16 of article I of the Illinois Constitution (Ill. Const. 1970, art. I, §16).

The United States Supreme Court, in *Beazell v. Ohio* (1925), 269 U.S. 167, 70 L. Ed. 216, 46 S. Ct. 68, has held:

"It is settled, by decisions of this court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*." (269 U.S. 167, 169-170, 70 L. Ed. 216, 217, 46 S. Ct. 68, 68.)

In the same opinion the United States Supreme Court stated:

"But it is now well settled that statutory changes in the mode of trial or the rules of evidence, which do not deprive the accused of a

defense and which operate only in a limited and unsubstantial manner to his disadvantage, are not prohibited.

\* \* \*

Just what alterations of procedure will be held to be of sufficient moment to transgress the constitutional prohibition cannot be embraced within a formula or stated in a general proposition. The distinction is one of degree. But the constitutional provision was intended to secure substantial personal rights against arbitrary and oppressive legislation \* \* \* and *not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance.* \* \* \*."(Emphasis added.) 269 U.S. 167, 170-171, 70 L. Ed. 216, 218, 46 S. Ct. 68, 69.

*People v. Myers* (1977), 44 Ill. App. 3d 860, 359 N.E.2d 197, deals with the same issue and concludes with the following language:

"We conclude and find that the amendment to section 111—2 of the Code of Criminal Procedure, as applied in·this cause, does not involve a prohibited *ex post facto* law. The statutory change did not ·substantively alter an offense, the punishment of an offense, or the rules of evidence used in proving the commission of an offense, after the offense was committed. The change here was solely one of procedure, which did not deprive the defendant of any substantive right or defense available at the time of the commission of the offense." 44 Ill. App. 3d 860, 867, 359 N.E.2d 197, 201.

We agree with the Myers rationale and for the reasons stated, the judgment of the Circuit Court of the Sixth Judicial Circuit (Macon County) is affirmed.

Affirmed.

CRAVEN, P. J., and TRAPP, J., concur.