THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM DAVID GARRETT, Defendant-Appellant.

Fourth District   No. 13776

Opinion filed March 17, 1977.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Edward P. Miller, State's Attorney, of Tuscola (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant William David Garrett was charged by complaint with the offenses of burglary and theft of property in excess of $150 and entered a plea of guilty. Subsequently defendant filed a motion to withdraw the plea, which was denied after a hearing. Judgment was entered on the burglary charge only, and defendant was sentenced to imprisonment for 1 to 3 years.

On appeal defendant contends that (1) his conviction must be reversed because he was charged with felonies by complaint rather than indictment or information and (2) the trial court abused its discretion in refusing to allow him to withdraw his guilty plea.

■■ ■ We first consider defendant's claim that it was error to prosecute him by complaint. That the charges against him were in the form of a complaint was not challenged by defendant in the trial court, and he concedes that any error was therefore waived unless prosecution of felonies by complaint is a jurisdictional defect which may be raised at any time.

At the time he entered his guilty plea, defendant waived indictment by grand jury and preliminary hearing, thereby waiving any preliminary determination of probable cause. Defendant contends that even under such circumstances felonies cannot be prosecuted by complaint because complaints differ from either indictments or informations in that indictments and informations are process issuing from constitutionally recognized bodies, *i.e.*, the grand jury or the State's attorney, while a complaint may be brought by an individual citizen. Defendant argues that this difference has been recognized in a recent amendment to section 111—2 of the Code of Criminal Procedure (Ill. Rev. Stat., 1975, ch. 38, par. 111—2). Prior to October 15, 1975, section 111—2(a) provided that if indictment by grand jury were·waived, felonies could be prosecuted by information or complaint. However, effective that date, section 111—2(a) was amended to provide:

> "All prosecutions of felonies shall be by information or by indictment."

While this language would clearly seem to limit the forms for charging felonies to indictments and informations, subsection (e) of section 111—2, which was added by the same amendment, injects some confusion by stating:

> "Where the prosecution of a felony is by information or *complaint* after preliminary hearing, or after a waiver of

preliminary hearing * * *, such prosecution may be for all offenses, arising from the same transaction or conduct of a defendant even though the *complaint* or *complaints* filed at the preliminary hearing charged only one or some of the offenses arising from that transaction or conduct." (Emphasis added.)

We need not decide whether the statute allows prosecution of felonies by complaint, however, since we rule that even if the statute does not allow felony charges to be brought in the form of a complaint, charging the defendant by complaint in the instant case did not deprive the trial court of jurisdiction. In *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, the supreme court considered the question of whether the trial court lacked jurisdiction because a certain information and indictment charging forgery failed to set forth the payees named in the checks in question. In ruling that there had been no lack of jurisdiction, the court stated that:

"[T]he sufficiency of an information or indictment attacked for the first time on appeal is not to be determined by whether its form follows precisely the provisions of the statute. When attacked for the first time on appeal an information or indictment is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. *People v. Grant*, 57 Ill. 2d 264; *People v. Harvey*, 53 Ill. 2d 585." 63 Ill. 2d 23, 29, 344 N.E.2d 456, 460.

In the instant case, defendant is challenging only the form of the charges and not the contents. Therefore, the following statement of the court in *Gilmore* appears to be at least as applicable to the situation here as to the situation in *Gilmore*:

"The jurisdiction of the circuit courts in these cases was not 'conferred' by the information or indictment; jurisdiction was conferred by the provisions of section 9 of article VI of the Constitution, which provides that the circuit courts have 'original jurisdiction of all justiciable matters.' The circuit courts have jurisdiction in all cases involving offenses which fall within the ambit of section 1—5 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 1—5 * * *." 63 Ill. 2d 23, 26, 344 N.E.2d 456, 458.

We next consider defendant's contention that he should have been allowed to withdraw his guilty plea because he had a defense worthy of consideration by a jury. In support of this contention defendant relies on *People v. Jameson* (1944), 387 Ill. 367, 56 N.E.2d 790, where the Supreme Court held that the defendant should have been allowed to withdraw his plea of guilty to a murder charge where there was a claim of self-defense and the defendant was young, uneducated, and without counsel at the

time of the plea and there was evidence that by pleading guilty the defendant understood that he was merely saying that he had killed the deceased and did not understand that he was pleading guilty to murder with malice aforethought. In so ruling, the court stated:

> "The rule has often been announced in this State that permission to change a plea of guilty to one of not guilty is a matter within the discretion of the trial court and this discretion will not ordinarily be disturbed unless it appears that the plea of guilty was entered on a misapprehension of the facts or of law, or in consequence of misrepresentation by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by the jury and the ends of justice will be better served by submitting the case to a jury. [Citation.] However, if the record of the proceeding falls within any of the exceptions above mentioned, the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty. [Citations.]
>
> The discretion of the trial court to permit the withdrawal of the plea of guilty is a judicial discretion which should always be exercised in favor of innocence and liberty. The law favors a trial upon the merits by jury, and all courts should so administer the law and construe the rules of practice as to secure a hearing upon the merits, if possible. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient cause to permit a change of the plea from guilty to not guilty. The withdrawal of the plea of guilty should not be denied in any case where it is evident that the ends of justice will be served by permitting the plea of not guilty in its stead. [Citations.]" 387 Ill. 367, 374-75, 56 N.E.2d 790, 793-94.

More recently the court applied the same rule in *People v. Worley* (1966), 35 Ill. 2d 574, 221 N.E.2d 267, but determined that the trial court did not abuse its discretion in refusing to allow the defendants to withdraw their guilty pleas to burglary charges where the defendants contended that their guilty pleas were based on coerced confessions but the defendants were represented by counsel when they pleaded guilty and they did not plead guilty until almost a week after the confessions were made.

In the instant case, defendant claims the defense of intoxication. At the hearing on the motion to withdraw his guilty plea, defendant testified that at the time he entered the guilty plea he was a 19-year-old high school graduate who was not represented by counsel. He also testified that he did not ask to have a lawyer appointed then although he knew he could

have one. He stated that he knew what a guilty plea was and had entered the guilty plea because he thought a trial would be a waste of time since he had confessed to the police and "returned the evidence."

■■ ■ In order to assert an intoxication defense there must be evidence that intoxication existed to such a degree that the defendant was unable to form the requisite intent. (Ill. Rev. Stat. 1975, ch. 38, par. 6—3.) In order for a person to be convicted of burglary it must be proven that "without authority he knowingly enter[ed] or without authority remain[ed] within a building, house trailer, watercraft, aircraft, motor vehicle * * *, railroad car, or any part thereof, *with intent to commit therein a felony or theft.*" (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 38, par. 19—1.) The Criminal Code defines intent as follows:

> "A person intends, or acts intentionally or with intent, to accomplish a result or engage in conduct described by the statute defining the offense, when his conscious objective or purpose is to accomplish that result or engage in that conduct." (Ill. Rev. Stat. 1975, ch. 38, par. 4—4.)

Thus, in the case at bar defendant would have to defend himself on the basis that he was so intoxicated that he could have had no conscious objective of committing a theft or other felony inside the building he entered.

Defendant's claim of intoxication is based on the following testimony at the hearing on his motion to withdraw his guilty plea:

> "Q At the time that the alleged offense occurred, were you under the influence of some intoxicant or—
> A Yes.
> Q And were you aware of what you were doing on the date of the alleged offense, which was the 14th of December, 1975?
> A No."

The record indicates that this assertion by defendant that he was so intoxicated at the time of the offense that he was unaware of what he was doing was directly contradicted by his comments during the presentation of the factual basis for the guilty plea, in which he corrected details in the prosecutor's narration of the facts of the burglary, and by his presentence statement, in which he gave the following clear account of the burglary, including the taking of money from a cash drawer:

> "I, (David Garrett) under heavy intoxication not really knowing what I was doing, and knowing the police was on the other side of the B. & O. Railroad blocked by a freight train, I took it upon myself to study the building known as Corner Grocery, unsoundly by breaking the glass on a side door to the store, I entered, then going through a second door entering into the store. I then took a pair of gloves, proceeded to the front of the store, where in a

drawer, sealed by a padlock, I (Dave) took the padlock off by unscrewing an 'eye bolt' then taking the drawer to the rear of the store, removing one cigar box. Then exited from the store, the same as entering, then took the cigar box, to hide it in seclusion. Then once after returning from stashing the one cigar box I then proceeded back to the store (Corner Grocery) after which at that time, I was again entered in the same manner (through side door). I then went back into the store, there obtaining a second pair of Brown Jersey Gloves, with the intent of covering up all traces of fingerprints, etc. I then proceeded home, to go to bed."

In *People v. Long* (1975), 30 Ill. App. 3d 815, 333 N.E.2d 534, the court ruled that failure of the trial court to inform defendant of an intoxication defense had not rendered his guilty plea involuntary or unintelligent. There the court noted that although defendant testified that he was intoxicated at the time of the offense (armed robbery, aggravated kidnapping, rape) he was able to recall the occurrence in great detail. The court stated:

"It defies logic to accept that defendant could have been so very intoxicated and still remember so many details of the instant offenses." 30 Ill. App. 3d 815, 819, 333 N.E.2d 534, 538.

Likewise in the instant case, except for defendant's bald assertion that he was so intoxicated at the time of the offense that he did not know what he was doing, none of defendant's testimony or statements provide any indication that he was intoxicated to the degree necessary to constitute a defense. Upon this record, it does not appear that the ends of justice would be served by permitting withdrawal of defendant's guilty plea.

For the foregoing reasons the judgment of the Circuit Court of Douglas County is affirmed.

Judgment affirmed.

TRAPP, P. J., and MILLS, J., concur.