THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GILBERT VAUGHN, Defendant-Appellant.
Fifth District   No. 76-139

Opinion filed May 18, 1977.

James Geis, of State Appellate Defender's Office, of Chicago, and Kathy M. Morris, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:
Defendant, Gilbert Vaughn, was charged by information filed in the

circuit court of Jackson County with two counts of armed robbery. Following a jury trial defendant was found guilty as charged and was sentenced to two concurrent terms of four years to four years three months imprisonment.

The evidence at trial showed that defendant robbed two individuals at gunpoint. The offenses occurred on September 30, 1975. Section 111—2(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 111—2(a)) which was in effect on that date provided in part that: "All prosecutions of felonies shall be by indictment * * *." On October 1, 1975, an amendment to this provision became effective, which provided that: "All prosecutions of felonies shall be by information or by indictment. * * *" Ill. Rev. Stat. 1975, ch. 38, par. 111—2(a).

On October 6, 1975, defendant was charged by information pursuant to the amended statute. Defendant brings this appeal from the judgment entered by the trial court and he presents three questions for review: (1) whether the retroactive application of the amended statute was in violation of prohibitions against ex post facto legislation; (2) whether the retroactive application of the amended statute contravened principles of statutory construction; and (3) whether the amended statute involved an invalid delegation of legislative authority. The gist of this appeal revolves around the fact that the offenses were committed prior to the effective date of the amendment but the information was filed subsequent thereto. The first two issues presented by defendant were fully treated in *People v. Myers* (3d Dist. 1977), 44 Ill. App. 3d 860, 359 N.E.2d 197, and in *People v. Tibbs* (4th Dist. 1977), 46 Ill. App. 3d 310, 360 N.E.2d 993.

■■■ Defendant's first contention is that the application of section 111—2(a), as amended, to the instant case involves an ex post facto prohibition. The court in *Myers*, however, held that:

> "We conclude and find that the amendment to section 111—2 of the Code of Criminal Procedure, as applied in this cause, does not involve a prohibited *ex post facto* law. The statutory change did not substantively alter an offense, the punishment of an offense, or the rules of evidence used in proving the commission of an offense, after the offense was committed. The change here was solely one of procedure, which did not deprive the defendant of any substantive right or defense available at the time of the commission of the offense." (44 Ill. App. 3d 860, 867, 359 N.E.2d 197, 201, accord, *People v. Tibbs* (1977), 46 Ill. App. 3d 310, 312, 360 N.E.2d 993, 995.)

In regard to defendant's further contention that a retroactive application of section 111—2(a), as amended, contravenes section 4 of the Statutory Construction Act (Ill. Rev. Stat. 1975, ch. 131, par. 4) the court in *Myers* held that the amendment to section 111—2(a):

" \* \* \* is essentially procedural in nature, and that defendant did not, by commission of the offense alleged or by any events occurring subsequent thereto, acquire any 'accrued right' within the meaning of the Statutory Construction Act." (44 Ill. App. 3d 860, 865, 359 N.E.2d 197, 200.)

We adopt the rationale in *Myers* and *Tibbs* and therefore we find an extended discussion of these points unnecessary. Accordingly, we find no merit to the first two contentions of defendant.

Defendant's final contention is that the amendment to section 111—2(a) involves an invalid delegation of legislative power since it does not contain any standards upon which a State's Attorney is to choose whether to commence a prosecution by way of indictment or information.

The contention is specious. Defendant's analysis presumes that the power to commence prosecutions involves the exercise of legislative power. It does not.

■■ The State's Attorney is a constitutional officer. (Ill. Const. 1970, art. 6, §19.) His office is a part of the executive branch of the State Government and the powers exercised by that office are executive powers. (*People v. Baron* (1970), 130 Ill. App. 2d 588, 264 N.E.2d 423; *People v. Stinger* (1974), 22 Ill. App. 3d 371, 317 N.E.2d 340.) The duties of a State's Attorney include that of commencing and prosecuting all criminal actions. (Ill. Rev. Stat. 1975, ch. 14, par. 5.) The determination to commence a felony prosecution by way of information or indictment as permitted by the amendment to section 111—2(a) involves the exercise of executive powers. The amendment, consequently, did not delegate a legislative power.

Accordingly, we affirm the judgment of the circuit court of Jackson County.

Affirmed.

CARTER, P. J., and JONES, J., concur.