THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES W. FRANKS et al., Defendants-Appellants.

Fifth District   Nos. 76-420, 76-421 cons.

Opinion filed August 16, 1977.

Michael J. Rosborough and A. Michael Kopec, both of State Appellate Defender's Office, of Mt. Vernon, for appellants.

Terrence J. Hopkins, State's Attorney, of Benton (James E. Hinterlong and Linda M. Vodar, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Pursuant to plea negotiations, defendants, James W. Franks and Walter Branch, both pleaded guilty to the offense of burglary in the circuit court of Franklin County. It was agreed that sentences would be imposed after an adversarial sentencing hearing. Following such hearing, the court on June 1, 1976, entered orders committing defendants to the Illinois Department of Corrections. Defendant Franks was sentenced to a term of two to six years, such term to run consecutively with several prior sentences of imprisonment. Defendant Branch was sentenced to a term of one to three years.

After defendants became aware of the fact that the clerk of the court had erroneously filed notices of appeal in their cases, they filed two post-trial motions. One motion, denominated "Motion for New Trial," was filed June 25, 1976. A motion to withdraw plea of guilty was filed by each defendant on June 30, 1976. The State filed objections to both motions. Both motions were denied by the court on July 26, 1976. Defendants appeal.

In this appeal, defendants assert that their convictions must be reversed because they were charged with this burglary by means of an information rather than an indictment. They contend that the retroactive application in their cases of an amendment to section 111—2(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—2(a)) which allows the State to initiate prosecutions of felonies by either information or indictment violates the constitutional prohibition against *ex post facto* legislation and contravenes principles of statutory construction.

The facts relevant to this contention are as follows. The burglary of which these defendants stand convicted occurred on September 26, 1975. They were initially charged by information with this burglary on September 29, 1975; however, an amended information was filed October 8, 1975, charging them with burglary and felony theft. All subsequent proceedings were based upon the October information. At the time of the offense's commission and the filing of the initial information, section 111—2(a) (Ill. Rev. Stat. 1975, ch. 38, par. 111—2(a)) provided that all felony prosecutions be commenced by indictment. On October 1, 1975, an amendment to this provision became effective which provided that: "All prosecutions of felonies shall be by information or by indictment. * * *." The gist of defendants' argument is that they could not be charged by information because the offense was committed prior to the effective date of the amendment.

Defendant Franks makes the additional contention that the trial court erred in imposing a consecutive rather than concurrent sentence upon him because there is no basis for the finding that a consecutive term was necessary to protect the public from further criminal conduct by him.

Initially, we must address the State's contention that defendants' motions to withdraw guilty pleas were not filed within the 30 day limitation period of Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) and that, therefore, this appeal should be dismissed. *People v. Stojetz*, 46 Ill. App. 3d 205, 360 N.E.2d 1139.

■■ The sentencing hearing was conducted on May 26, 1976; however, the docket minutes for that hearing clearly indicate "judgment to be entered." On June 1, 1976, the written judgment and sentence orders were filed and mittimuses were issued. This was the date on which the sentences were imposed; therefore, the 30-day period for filing a motion to withdraw pleas is computed from June 1, 1976. (*Cf. People v. Allen* (5th Dist. 1977), 49 Ill. App. 3d 108, 363 N.E.2d 892.) The motions of defendants were both filed within such period. Accordingly, they were timely filed.

The State next contends that defendants have waived the issue concerning the propriety of their being charged by information under the rule that all prior defects and irregularities in a proceeding which are not

jurisdictional are waived by a voluntary plea of guilty (*People v. Mahle*, 57 Ill. 2d 279, 312 N.E.2d 267), including constitutional questions (*People v. Brown*, 41 Ill. 2d 503, 244 N.E.2d 159). In anticipation of this argument, defendants argue that this issue cannot be waived by a plea of guilty because it is an issue involving the jurisdiction of the court. We agree with the State.

■■■ Our examination of the record reveals that defendants' plea proceedings were in compliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402). The motion of each defendant to withdraw his plea of guilty alleges "that the plea of guilty was entered improvidently, without proper advice of counsel, and without understanding the nature of the charge, the effect of the plea or his rights." The defendants did not prove this allegation, and the record stands in direct contradiction to this assertion. Under these circumstances, we must find defendants' pleas intelligently and voluntarily made and conclude that the trial court has not abused its discretion in refusing to permit defendants to withdraw their pleas. Accordingly, defendants have waived all prior issues other than those which are jurisdictional. We also find that defendants' issue concerning the instrument used to charge them is not jurisdictional and, hence, waived for purposes of appeal.

In *People v. Garrett*, 46 Ill. App. 3d 592, 360 N.E.2d 1231, a defendant who had been charged with burglary by complaint and had been convicted after pleading guilty contended that he could not be charged with a felony by complaint. The court found that even if the statute (Ill. Rev. Stat. 1975, ch. 38, par. 111—2(a)) did not allow felony charges to be brought by complaint, defendant had waived the issue because charging the defendant by complaint did not deprive the trial court of jurisdiction. The court found the following statement of our supreme court from *People v. Gilmore*, 63 Ill. 2d 23, 344 N.E.2d 456, to be applicable to the case since defendant was challenging only the form of the charges:

" 'The jurisdiction of the circuit courts in these cases was not "conferred" by the information or indictment; jurisdiction was conferred by the provisions of section 9 of article VI of the Constitution, which provides that the circuit courts have "original jurisdiction of all justiciable matters." The circuit courts have jurisdiction in all cases involving offenses which fall within the ambit of section 1—5 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 1—5) * * *.' 63 Ill. 2d 23, 26, 344 N.E.2d 456, 458." 46 Ill. App. 3d 592, 594.

In *Gilmore* the court reached the above quoted conclusion while ruling that the trial court did not lack jurisdiction because a certain information and indictment charging forgery failed to set forth the payees named in the checks in question (63 Ill. 2d 22, 26-27). The court also found that since

the indictment and information were challenged for the first time on appeal, they were sufficient if they apprised defendants of the precise offense charged with sufficient specificity to prepare their defenses and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct (63 Ill. 2d 22, 29). We believe these cases compel us to deem defendants' issue concerning the instrument used to charge them to be waived.

■■ Even if we were to decide defendants' contentions on their merits, we would rule against defendants. In *People v. Vaughn*, 49 Ill. App. 3d 37, 363 N.E.2d 879, this court adopted the rationale of *People v. Myers* (3d Dist. 1977), 44 Ill. App. 3d 860, 359 N.E.2d 197, and *People v. Tibbs* (4th Dist. 1977), 46 Ill. App. 3d 310, 360 N.E.2d 993, and found both of these contentions to be without merit in a factual situation indistinguishable from that presented here. This decision is controlling of the merits of defendants' contentions. As stated there, the amendment to section 111—2 of the Code of Criminal Procedure, as applied in this case, does not involve a prohibited *ex post facto* law since " '[t]he change here was solely one of procedure, which did not deprive the defendant of any substantive right or defense available at the time of the commission of the offense.' " (49 Ill. App. 3d 37, 38, 363 N.E.2d 879, 880.) Similarly, the retroactive application of this section as amended does not contravene section 4 of the Statutory Construction Act (Ill. Rev. Stat. 1975, ch. 131, par. 4) or any other principles of statutory construction. As noted in *Vaughn, People v. Myers* held that the amendment:

" '* * * is essentially procedural in nature, and that defendant did not, by commission of the offense alleged or by any events occurring subsequent thereto, acquire any "accrued right" within the meaning of the Statutory Construction Act. (44 Ill. App. 3d 860, 865, * * *.)' " 49 Ill. App. 3d 37, 39, 363 N.E.2d 879, 881.

The State argues that defendant Franks' issue concerning the propriety of the court's imposing a consecutive rather than concurrent sentence has been waived because it was not raised in his motion to withdraw his guilty plea. (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).) Its claim of waiver is based on the fact that this issue was not presented in Franks' motion of June 30, 1976. Defendant Franks' post-trial motion of June 25, 1976, however, alleged: "That the sentence was unduly harsh in view of the circumstances surrounding the crime." For purposes of this appeal, we shall consider both motions as one and decide this issue on its merits.

When a term of imprisonment is imposed on a defendant who is already subject to a sentence in Illinois, the court may provide that the sentences shall run either concurrently or consecutively. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(a).) Where the court has exercised its

discretion to impose consecutive sentences and the sentences imposed are within the statutory limits, the standard of review is whether the trial court abused its discretion. (*People v. Strickler*, 47 Ill. App. 3d 419, 362 N.E.2d 28; *People v. Taylor*, 29 Ill. App. 3d 1066, 332 N.E.2d 188.) Section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(b)) sets forth the guidelines which must be followed by a trial court in exercising its discretion. It provides that:

> "The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court may set forth in the record."

In the instant case, the court sentenced defendant Franks to a term of imprisonment of two to six years to run consecutively with three previous concurrent sentences of one to 10 years imposed on felony theft convictions. After commenting at some length on defendant's criminal record and his character, the court held that defendant's sentence should run consecutively stating:

> "That on account of the nature of the offense, the circumstances under which it was committed, his history and his character is such that we need to protect the public * * *."

Defendant Franks argues that the nature and circumstances of this offense and the history and character of the defendant are such that the trial court abused its discretion in imposing a consecutive sentence.

Defendant points out that the instant crime, as well as his recent theft offenses, involved no threat to human life, the instant crime being a burglary of an unoccupied and unfinished dwelling. He also stresses his assertion made at the sentencing hearing that he was influenced in his decision to commit all of these felonies by an agent of the Illinois Bureau of Investigation and urges us to view these crimes as part of a related series of acts. The remoteness and minor nature of defendant's criminal history prior to the commission of these felonies is viewed by defendant as being supportive of his claim that his conduct reveals only a lack of willpower to resist the agent's suggestions rather than a serious threat to the public.

■■ We do not believe that the trial court abused its discretion in imposing a consecutive sentence. Burglary and felony theft are serious crimes. The public is as entitled to protection from those who have chosen to commit these crimes as from those who have committed crimes which involved threats to life. Although it might be true that defendant Franks was somewhat encouraged to commit these crimes by a law

enforcement agent, he is nevertheless responsible for his acts. The danger he poses to the property of the public is not diminished because of this circumstance. There are many people in our State who would gladly encourage the defendant to engage in these crimes. Since the record shows ample support for the court's finding, we shall not disturb the sentence.

For the foregoing reasons, we affirm the judgments of the circuit court of Franklin County.

CARTER, P. J., and EBERSPACHER, J., concur.