**Eugenia SANTIAGO, et al., Plaintiffs,**

v.

**Richard M. DALEY, State's Attorney of Cook County, et al., Defendants.**

**No. 88 C 2320.**

United States District Court, N.D. Illinois, E.D.

Nov. 1, 1989.

Andrea M. Buford, Jones, Ware & Grenard, Chicago, Ill., for plaintiffs.

Patrick T. Driscoll, Jr., P.C., Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Eugenia Santiago and a group of other plaintiffs have sued Richard M. Daley ("Daley"), charging violations of plaintiffs' constitutional rights by conduct Daley engaged in when he was Cook County State's Attorney. To the extent that this action is leveled against Daley in his individual capacity rather than an "official capacity" claim, Daley's later election as Chicago's Mayor has no effect on plaintiffs' claims. And to the extent that Daley is also named in his official capacity, this Court's August 31, 1989 memorandum opinion and order granted plaintiffs' motion under Fed.R. Civ.P. ("Rule") 25(d)(1) for the substitution of his successor as State's Attorney, Cecil Partee ("Partee"), as a defendant in place of Daley.

Daley, represented by an imaginative Special Assistant State's Attorney, has made more than one unsuccessful effort to get out of the case (in both capacities) in a number of ways. This Court's August 31 opinion rejected his attempt to escape individual liability as a matter of law, so that both Daley and Partee are now defendants. Only one last college try remains (made on Partee's behalf, though in Daley's name): a Rule 56 motion for summary judgment on the official capacity claims, predicated on the notion that the State's Attorney is equivalent to the State of Illinois and is therefore not a suable "person" under 42 U.S.C. § 1983 ("Section 1983").

But imagination cannot substitute for legal analysis. Though the State's Attorney seeks to cloak himself in the mantle of the State's sovereign immunity, it turns out

that—like the emperor in the fable—the State's Attorney has no such clothes.

Whether the State's Attorney is indeed the legal equivalent of the State itself is, of course, a matter of Illinois law. And that question clearly calls for a "no" answer. It was first presented to the Illinois Court of Claims almost exactly a half century ago, and here is what that court said in *Cram v. Illinois*, 11 Ill.Ct.Cl. 282, 285 (1940):

> Although the State's Attorney represents the People of the State of Illinois in all criminal proceedings in his county, yet he is not considered a State officer. In the case of *Cook County v. Healy*, 222 Ill. 310, the court, on page 316 [78 N.E. 623 (1906)], in considering the status of the State's Attorney of Cook County, said:
>
> > "The State's attorney is a county officer, and his status, as such, is fixed by the Constitution which creates his office. He is elected for and within a county to perform his duties therein and is not distinguished in any manner from the clerks of the courts, the sheriff, coroner, and other officers connected with the administration of justice within the county."
>
> The *Healy* case was quoted with approval in the case of *The People v. Newcomer*, 284 Ill. 315, where the court, on page 324 [120 N.E. 244 (1918)], citing the Healy case, said:
>
> > "The State's attorney is a county officer elected for and within a county to perform his duties therein and is by statute charged with certain duties."
>
> The State's Attorney being a county officer, the mere fact that money was advanced to him for expenses in a criminal case, even under a promise to return the same, does not give a right of action against the State. If any right of action exists, it is against the officer who received the money and promised to return the same.

Something over a decade later the question again came before the Court of Claims in *Montgomery v. Illinois*, 21 Ill.Ct.Cl. 205 (1952), this time presenting a context conceptually identical to that posed by the present case. There a convicted state felon had filed a successful federal habeas corpus challenge to his conviction, based on the State's Attorney having suppressed evidence and having introduced false testimony, thus depriving the defendant of due process. After the conviction and sentence were invalidated, the freed convict sued in the Court of Claims "seeking to recover the sum of $250,000.00 for unlawful indictment, conviction, sentence and incarceration at the hands of the State of Illinois" (*id.* at 206).

*Montgomery, id.* at 207 posed the issue in these terms:

> The claim presented here is based on the same set of facts [as the federal habeas case]: namely, the wrongful acts of the State's Attorney. The pertinent inquiry is: "Can the State of Illinois be liable for the wrongful acts of a State's Attorney?" If a suit were presented in a court of record, and if the State were suable, on the theory that a violation of the Constitution was a "claim founded on a law of the State," it would be necessary to determine whether or not a State's Attorney was an agent of the State, and, if so, was the act one that would make the State liable.

It then stated the controlling principle succinctly (*id.*):

> It has been held by this Court that a State's Attorney is not an agent of the State or a State officer, but a County officer.

For that principle the court cited to and quoted from *Cram, Healy* and *Newcomer*, then quoted at greater length from *Ashton v. County of Cook*, 384 Ill. 287, 296–97, 51 N.E.2d 161, 165–66 (1943) and finally summarized the result this way (21 Ill.Ct.Cl. at 209):

> This Court, therefore, concludes that the State's Attorney in the instant case is not, and could not be an agent of the State.

And to drive a last nail into the same coffin, *Montgomery, id.* went on to quote from *Owens v. Green*, 400 Ill. 380, 409, 81 N.E.2d 149, 164 (1948), which established

as a matter of state law the same principle that informs *Ex parte Young*, 209 U.S. 123, 159–60, 28 S.Ct. 441, 453–54, 52 L.Ed. 714 (1908): Whenever a State official violates someone's rights by unconstitutional conduct, he is *not* acting as the State but is entirely on his own. *Montgomery, id.* concluded:

> For this Court to hold the State liable for the unlawful acts of a State's Attorney would create a situation making the State liable for malfeasance and unauthorized acts of State's Attorneys throughout the entire State, and would result in endless difficulties, which would be subversive to the public interest.

As a matter of state law, then, a State's Attorney's actions in his official capacity as such officer are *not* actions of the State of Illinois itself. Daley (now Partee) seeks to blunt the force of *Cram, Montgomery* and *Ashton* on the ground that they were decided before adoption of the Illinois Constitution of 1970, "Art. VI, Sec. 19 [of] which provides for the election of a State's Attorney in each county ... in the Article providing for the judiciary on a statewide basis" (Daley R. Mem. 1). But it has taken only a moment's research to disclose that the provisions of the Illinois Constitution of 1970—in effect when all the decisions relied on in this opinion were decided—were substantively identical in every respect relevant to the position asserted here by the State's Attorney. Though that office is and always has been a constitutionally-created office under the Judicial Article of the Illinois Constitution, the State's Attorney is part of the executive branch of state government (see *People v. Thompson*, 88 Ill.App.3d 375, 377, 43 Ill.Dec. 600, 601, 410 N.E.2d 600, 601 (4th Dist.1980) and *People v. Vaughn*, 49 Ill.App.3d 37, 39, 6 Ill.Dec. 932, 934, 363 N.E.2d 879, 881 (5th Dist. 1977), on which Daley–Partee seek to rely). And of course the State's Attorney's merely county-wide functions do not make him the surrogate for the State when he acts in his official capacity. Nor does the fact that the State provides the County with

two-thirds of the funds for payment of the State's Attorney's salary alter the analysis.[1] And finally, it is well established that a state's voluntary decision to reimburse or indemnify a public official against Section 1983 liability does not bootstrap the situation into one triggering the State's sovereign immunity (*Duckworth v. Franzen*, 780 F.2d 645, 650 (7th Cir.1985)).

It is unnecessary to parse in any detail the authorities (either judicial or statutory) that the State's Attorney seeks to invoke here. Illinois law does *not* equate the State's Attorney with the State for Section 1983 purposes. Summary judgment is denied, and this action will continue against Daley in his individual capacity and against Partee in his official capacity as State's Attorney of Cook County.

---

1. It may be noted that the County maintains a treasury separate from that of the State, and that judgments against counties are payable out of that separate treasury (Ill.Rev.Stat. ch. 34, ¶ 604).