(No. 14383.—Reversed and remanded.)
AUGUSTUS S. PEABODY, Appellant, *vs.* ANDREW RUSSEL, Auditor of Public Accounts, *et al.* Appellees.

*Opinion filed February 22, 1922.*

1. CONSTITUTIONAL LAW—*constitutional provisions as to power of legislature are limitations.* The State constitution is a limitation upon the power of the legislature, and where its provisions are not applicable no limitation exists upon the legislative body.

2. SAME—*constitution should not be strictly construed.* While the same general principles to be applied in construing statutes apply in the construction of constitutions, yet in construing a constitution courts should not indulge in speculation apart from the spirit of the document or apply so strict a construction as to exclude its real object and intent, as a constitution is an instrument framed by the people themselves as the basis of their government.

3. OFFICES—*application of section 23 of article 5 of constitution, prohibiting increase of salaries during term of office.* Section 23 of article 5 of the constitution, prohibiting the increase or decrease of salaries of officers "named in this article," includes all officers authorized by the article as well as those specifically enumerated in section 1.

4. SAME—*amendment of 1921 to Civil Administrative Code increasing salaries of officers cannot be applied to incumbents.* The increase in the salaries of certain officers as provided in section 9 of the Civil Administrative Code, as amended in 1921, (Laws of 1921, p. 337,) cannot be applied to incumbents in office when the amendment took effect, July 1, 1921, and whose terms of office began prior thereto.

APPEAL from the Circuit Court of Sangamon county; the Hon. ELBERT S. SMITH, Judge, presiding.

WALTER F. DODD, for appellant.

EDWARD J. BRUNDAGE, Attorney General, (CLARENCE N. BOORD, of counsel,) for appellees.

CHARLES E. WOODWARD, for *amici curiæ.*

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellant, as a tax-payer, sought an injunction in the circuit court of Sangamon county restraining appellees, as State Auditor and State Treasurer, from issuing and paying warrants in favor of certain incumbents of offices provided for under what is known as the Civil Administrative Code, enacted by the legislature of 1917. (Laws of 1917, p. 4.) The Civil Administrative Code as amended in 1921 provided, among other things, for the appointment of nineteen different officers, in the various departments. Section 9 of that code (Laws of 1921, p. 337,) provided for an increase in the salaries of these nineteen officers and an appropriation was made for such salaries as increased. Leave was secured by the incumbents affected by the bill for injunction to file a brief as *amici curiæ.* Appellees demurred to the bill. The demurrer was sustained and the bill dismissed for want of equity, and the matter comes here for review.

The question involved is whether or not the amendment to section 9 of the Civil Administrative Code increasing the salaries of the code officers is applicable to the incumbents whose terms of office began on the second Monday of January, 1921, or is applicable only after the expiration of the term for which such appointments were made. There is no question as to the constitutionality of the law. The one point involved is whether or not, under the provisions of the constitution, it is applicable before or after the expiration of the terms for which the incumbents were appointed. The answer to this question depends upon the construction of certain clauses of the constitution relating to increasing or diminishing the salaries of officers during their terms of office.

It is provided by section 13 of the Civil Administrative Code that each officer whose office is created by the act

shall hold office for a term of four years from the second
Monday of January next after the election of the Governor
and until his successor is appointed and qualified, unless
otherwise specifically provided in the act.   It will be seen,
therefore, that the terms of office of the officers designated
as incumbents in this case began on the second Monday of
January, 1921.   The act authorizing salary increases went
into effect July 1, 1921.   The change in the salaries as pro-
vided by the amendment of 1921 is an increase in the
salaries of these officers during their terms of office, pro-
vided such offices are not subject to constitutional prohi-
bition against such increase.   The appellant contends that
these increases in salary do not become effective during the
present official terms of the incumbents.

A review of the clauses of the constitution relating to
increasing or diminishing salaries during the terms of office
shows that section 21 of article 4 prohibits such increase or
decrease in the salaries of members of the General Assembly.
Section 23 of article 5 prohibits an increase or decrease of
salaries during their official terms of "the officers named
in this article."   Sections 7, 16 and 25 of article 6 prohibit
the increase or decrease of the salaries of the judges of
the Supreme Court, circuit courts, superior court of Cook
county and the State's attorney of Cook county.   Section 11
of article 9 so provides as to municipal officers, and sec-
tions 9 and 10 of article 10 so provide as to county officers.
Article 5 of the constitution, by section 1 thereof, provides
for the following officers:   Governor, Lieutenant Governor,
Secretary of State, Auditor of Public Accounts, Treasurer,
Superintendent of Public Instruction, and Attorney Gen-
eral.   Section 10 of article 5 provides that the Governor
shall nominate, and by and with the advice and consent of
the senate appoint, all officers whose offices are established
by the constitution or which may be created by law and
whose appointment or election is not otherwise provided
for.   The officers mentioned in article 5 are "the officers

of the executive department and of all public institutions of the State." Section 24 of article 5 defines an office as a public position created by the constitution or law, continuing during the pleasure of the appointing power or for a fixed time, with a successor elected or appointed. Section 23 of article 5 provides that "the officers named in this article shall receive for their services a salary to be established by law, which shall not be increased or diminished during their official terms," and the sole question presented and argued in this case is whether or not this provision includes the appointive officers whose salaries have been increased by section 9 of the Civil Administrative Code as amended in 1921.

*Amici curiæ* in an able brief contend that as the constitutional prohibition as to increase in official salaries applies only to "the officers named in this article," and as the only officers named in the article are those whose offices and titles are designated in section 1 of article 5, there is no constitutional restriction against increasing the salaries of those officers designated as incumbents in this case. Appellant, on the other hand, contends that the expression "the officers named in this article" must be construed as including the appointive officers provided for in section 10 of article 5 as well as the officers specifically designated in section 1 of the article.

The constitution of this State is a limitation upon the power of the legislature. Where the constitutional provisions are not applicable no limitation exists upon the legislative body. It is a canon of construction well recognized, not only in this court but in courts of other jurisdictions, as it relates to statutes, that the chief purpose is to give effect to the intention of the legislature. In seeking such intention courts are to consider the language used, the object to be attained or the evil to be remedied. This may involve more than the literal meaning of the words. That which is within the intention is within the statute though

not within the letter, and though within the letter it is nevertheless not within the statute if not likewise within the intention. The same general principles to be applied in construing statutes apply in the construction of constitutions. (*People* v. *Hutchinson*, 172 Ill. 486; *People* v. *Crawley*, 274 id. 139; Cooley's Const. Lim.—6th ed.—69; *Perry County* v. *Jefferson County*, 94 Ill. 214; *Mitchell* v. *Lowden*, 288 id. 327.) In the construction of a constitution courts should not indulge in speculation apart from the spirit of the document, or apply so strict a construction as to exclude its real object and intent. The constitution is an instrument of government framed by the people themselves as the basis of their government, and, in the phraseology found in Cooley's Constitutional Limitations, (6th ed. p. 73,) is "designed as a chart upon which every man, learned and unlearned, may be able to trace the leading principles of government."

What, then, is the construction to be applied to the provision of section 23 of article 5 of the constitution under these rules and principles? It is evident from the sections of the constitution referred to, that practically every officer, whether constitutional or statutory, aside from those known as incumbents in this case, is specifically brought within the provisions prohibiting such change in salary. In arriving at the construction contended for by appellees it must be apparent either that the framers of the constitution omitted the offices filled by the incumbents herein with a definite intent and purpose to omit them, or that they were omitted by oversight. Neither situation can be presumed, but the fact that practically every other officer specified or authorized under the constitution comes within this prohibition, argues of itself, in the absence of something in the context to the contrary, that it was the intention and purpose of the framers of the constitution to provide that the salary of no public officer holding place for a definite period under the constitution or statutory enact-

ment of the State should be increased or diminished during his term of office.

Section 10 of article 5 of the constitution designates a class of offices "which may be created by law." By that section the appointment of the officers to such offices shall, unless otherwise provided for, be made by the Governor, by and with the consent of the senate. This court had before it the question of the construction of the various sections of the constitution pertaining to officers and their salaries in the case of *Wolf* v. *Hope,* 210 Ill. 50, and it was there said: "The provisions of the constitution, other than article 9, provided that the salaries of certain officers, including all the State officers and all officers holding places under the executive department of the State for a definite term, should not be increased or diminished during their term," and while, as is urged by appellees, one of the questions in that case was whether or not judges of city courts are municipal or State officers, the language quoted had direct bearing on the case, and is, moreover, correct reasoning as applied both to that case and the one at bar. To say that the phraseology "the officers named in this article" is to be limited to those the title to whose offices was specifically set forth in said article would be to put a construction upon that language too narrow to carry out the intention of the framers of the constitution. It seems apparent that by providing in article 5 for "other officers than those specifically named in section 1 of said article," it was the intention of the constitutional convention, in the use of the expression "named in this article," to include those authorized by the article as well as those specifically enumerated. That this is the true construction of article 5 has also been recognized by this court in the case of *Fergus* v. *Russel,* 270 Ill. 304, where it was held that the definition of the word "office" as it is used in section 24 of article 5 applies to statutory as well as constitutional offices, and recognizes a class of statutory State officers in addition

to those expressly enumerated in the constitution. In that case this court defined an office to be a public position created either by the constitution or by law, permanent in character and with continuing duties. That it was the intention of the framers of the constitution to apply the prohibition of section 23 of article 5 of that instrument to appointive State officers has also been recognized in *Foreman* v. *People,* 209 Ill. 567, where this court, after reviewing the clauses of the constitution affecting the salaries of different officers as herein referred to, said: "When we examine the various provisions of the constitution with reference to a change of salary during a term of office, we find that no particular set of words is used to express the limitation on the power of the legislature, but that there is a well defined rule running through the whole instrument that the salary attached to any public office having a fixed term shall not be increased or diminished during that term." We are of the opinion, therefore, that it cannot be said that the constitutional convention either intentionally or inadvertently left out of the prohibition concerning increasing or diminishing salaries, the offices or officers referred to in the bill of complaint. That they were to be included in such prohibition seems clearly apparent from a reading of the various sections affecting the question.

We are of the opinion, therefore, that section 9 of the Civil Administrative Code, as the same was amended by the act of the legislature in 1921, cannot be held to apply in the matter of increase of salaries until the expiration of the present term of the officers affected and that it was error on the part of the circuit court to dismiss the bill.

The decree dismissing the bill is reversed and the cause remanded, with directions to issue the injunction as prayed.

*Reversed and remanded, with directions.*