ROGER H. JOHNSON *et al.*, Appellants, v. THE STATE ELECTORAL BOARD *et al.*, Appellees.

*Announced Oct. 2, 1972.—Opinion filed Nov. 30, 1972.*

HEYL, ROYSTER, VOELKER & ALLEN, of Peoria, for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield (WARREN K. SMOOT, Assistant Attorney General, of counsel), ROBERT H. RICE, State's Attorney, and EUGENE H. WIDMAN, both of Belleville, ROBERT S. CALKINS, State's Attorney, of Peoria (ROLAND N. LITTERST, Assistant State's Attorney, of counsel), RICHARD A. HOLLIS, State's Attorney, and THOMAS LONDRIGAN, both of Springfield, and JOHN H. WARD, State's Attorney, of Taylorville, for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiffs, incumbent circuit court clerks of Warren, Woodford and Fulton counties, filed an action in the circuit court of Sangamon County seeking to enjoin the State Electoral Board and several county clerks from certifying the names of those candidates seeking election to the office of circuit court clerk in the November 1972

election. They further sought relief as representatives of the class of all incumbent circuit court clerks. The trial court entered judgment denying injunctive relief and dismissed the complaint. Plaintiffs appealed to this court (50 Ill.2d R. 302(b)), and on October 2, 1972, we issued an order affirming the circuit court judgment. We now express our reasons for such order.

The constitution of 1870 specifically established that the county office of circuit court clerk was to be filled by election. (Art. X, sec. 8.) In 1962 the Judicial Article of this constitution was amended to empower the General Assembly to provide by law for the judicial appointment of circuit court clerks or their election. (Art. VI, sec. 20, effective January 1, 1964.) Thereafter the General Assembly adopted the latter option by requiring that "one clerk of the circuit court of each county shall be elected as provided by law, and shall severally hold their offices until their successors are elected and qualified." (Ill. Rev. Stat. 1971, ch. 25, par. 1, as amended by act approved August 24, 1965.) In accordance with this statute and the pertinent provision of the Election Code (Ill. Rev. Stat. 1971, ch. 46, par. 2—15, as amended by acts approved August 9, 1963), plaintiffs, and those similarly situated, were elected in 1968 for a term of four years. To retain their offices they would be required to be candidates in the November 1972 election.

Plaintiffs, however, argue that the 1970 constitution did not specifically designate the circuit court clerk as a county officer as did the 1870 constitution in article X, section 8. Thus, they assert the aforementioned statutory provisions (Ill. Rev. Stat. 1971, ch. 25, par. 1; ch. 46, par. 2—15) are inapplicable for they were enacted pursuant to the 1870 constitution, as amended, which no longer is viable.

They further argue that under article VI, section 18(b) of the 1970 constitution, which states "The General Assembly shall provide by law for the election, or for the

appointment by Circuit Judges, of clerks \*\*\* of the Circuit Courts \*\*\*", the General Assembly is mandated to adopt a selection procedure. (While legislation to effectuate this provision was introduced (see 77th G.A., S.B. 1257), it has not been enacted.) Therefore they conclude that they should retain their offices because of the final sentence of section 9 of the Transition Schedule of the 1970 constitution which provides, "All officers filling any office by election or appointment shall continue to exercise the duties thereof, until their offices shall have been abolished or their successors selected and qualified in accordance with this Constitution or laws enacted pursuant thereto." They construe this provision as requiring that incumbent officers be retained until their successors are qualified in accordance with appropriate legislation enacted pursuant to the new constitution.

Conversely, defendants basically rely upon the second sentence of said section 9 of the Transition Schedule which provides, "All laws \*\*\* not contrary to, or inconsistent with, the provisions of this Constitution shall remain in force, until they shall expire by their own limitation or shall be altered or repealed pursuant to this Constitution." They conclude that the pertinent statutory provisions heretofore mentioned are not in conflict with the 1970 constitution and carry over into effect, thereby requiring candidates for the office of circuit court clerk to be selected at the November 1972 election.

The issues formed are whether the failure of our present constitution to specifically designate the clerk of the circuit court as a county officer affects the validity of the aforementioned statutes, and whether section 9 of the Transition Schedule requires the incumbent office holders to seek re-election.

Consideration of the new constitution's failure to designate the circuit court clerk as a county officer is immaterial. The general principles applicable to the construction of statutes similarly apply in the construction of

constitutional provisions. (*Peabody v. Russell, 301 Ill. 439, 443.*) Where two statutes are irreconcilable, the one which was more recently adopted will abrogate the earlier to the extent that they are inconsistent. (*Grenier & Co. v. Stevenson, 42 Ill.2d 289, 294.*) Section 20 of article VI of the 1870 constitution, as amended, is irreconcilable with section 8 of article X of that document to the extent that the later adopted provision granted the General Assembly an alternative in the selection procedure of circuit court clerks. Section 8 of article X was therefore impliedly repealed, as it pertained to the selection procedure of circuit court clerks, by the 1962 amendment to the Judicial Article. After examination of the election law (Ill. Rev. Stat. 1971, ch. 25, par. 1) which was enacted pursuant to this amendment, we find that it was proper under our old constitution.

The next question presented is whether this statute and the pertinent provisions of the Election Code (Ill. Rev. Stat. 1971, ch. 46, par. 2–15) carry over after the effective date of the 1970 constitution. In *Wood v. Blanchard (1857), 19 Ill. 38,* the issue presented was whether the office of coroner existed under the 1848 constitution because it had not created that office in express terms as had the preceding constitution. The court, in holding that the office of coroner did exist and was subject to those laws enacted prior to the ratification of the 1848 constitution, stated at page 39: "The language of the first section of the [transition] schedule of the new constitution is this: 'That all laws in force at the adoption of this constitution, not inconsistent herewith,' 'shall continue and be as valid as if this constitution had not been adopted.' Now when we admit that the legislature might, under the new constitution, have enacted just such laws as those referred to [the election law and law concerning coroners enacted in 1845], we admit that those laws are not inconsistent with the constitution, for the legislature could pass no laws inconsistent with it. If then they are

not inconsistent with it, they are declared to be as valid as if the constitution had not been adopted." See also *Hills v. City of Chicago, 60 Ill. 86, 92.*

Comparing section 18(b) of article VI of the 1970 constitution with section 20 of article VI of the 1870 constitution, as amended, we find that no departure from the selection methods authorized in the latter is discernible in our new constitution. The existing statutes, which require election, are not contrary to the constitutional authority presently vested in the General Assembly, for the constitution of 1970 also permits that the office of circuit court clerk may be filled by election. The statutes requiring such procedure are not in conflict or inconsistent with the new constitution and are in full force and effect by virtue of the second sentence of section 9 of the Transition Schedule.

The final question is whether the election statutes, which were validly enacted under the 1870 constitution, as amended, and are not in conflict with the provisions of the 1970 constitution, are applicable to circuit court clerks when considered in the context of the final sentence of section 9 of the Transition Schedule of the 1970 constitution.

Plaintiffs' contention that pursuant to the final sentence of section 9 the circuit court clerks are not subject to election laws enacted under the 1870 constitution, as amended, is without merit. To accept plaintiffs' interpretation of the Transition Schedule would require us to completely disregard the second sentence of section 9 dealing with previously enacted laws not contrary to the 1970 constitution. To resolve this apparent inconsistency, this court must harmoniously construe the two sentences to effectuate the section's overall purpose and intent. See *People ex rel. Giannis v. Carpentier, 30 Ill.2d 24, 28.*

In reading these sentences together, we find that the final sentence would be controlling if legislation validly adopted under the 1870 constitution were inconsistent

with the present constitution and the General Assembly took no further action. In that case the present circuit court clerks would remain in office until their successors were selected and qualified in accordance with laws enacted pursuant to the present constitution. The final sentence of section 9 would, in these situations, eliminate the possibility of a vacancy in the office and disruption of public service. However, the General Assembly has not acted to substantively alter the election procedure, and since the present election laws are not contrary to or inconsistent with the new constitution, we find that the second sentence of section 9 is effective. Therefore the existing laws are applicable to the November 1972 election.

For these reasons the judgment of the circuit court of Sangamon County is affirmed.

*Judgment affirmed.*