(No. 68457.—

DALLAS C. INGEMUNSON, State's Attorney of Kendall County, *et al.*, Petitioners, v. JAY HEDGES, Director of Commerce and Community Affairs, Respondent.

*Opinion filed January 17, 1990.*

MORAN, C.J., took no part.

MILLER, J., joined by CALVO, J., specially concurring.

Schirott & Associates, P.C., of Itasca (James R. Schirott and Betty J. Gloss, of counsel), for petitioners.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for respondent.

JUSTICE CLARK delivered the opinion of the court:

The central issue presented by this *mandamus* action is whether Illinois State's Attorneys are constitutionally prohibited from receiving salary increases during their terms of office.

On March 15, 1989, the Governor of the State of Illinois signed into law House Bill 1072, creating Public Act 85—1451 (Pub. Act 85—1451, eff. March 15, 1989) (the Act). The Act establishes pay raises for State's Attorneys in Illinois by amending "An Act concerning fees and salaries ***" (Ill. Rev. Stat. 1987, ch. 53, par. 1 *et seq.*). Although the State's Attorneys' terms of office do not expire until 1992, the pay raises became effective immediately upon the bill's enactment. Soon thereafter, petitioner Elaine J. Mitchell, treasurer of Kendall County (the treasurer), paid petitioner Dallas C. Ingemunson, State's Attorney of Kendall County (the State's Attorney), the increased salary provided for in the Act. The treasurer then submitted to respondent, Jay Hedges, Director of Commerce and Community Affairs (the Director), whose duty under the Act is to reimburse county treasurers the costs of the salary increases set forth in

the Act, a voucher reflecting the increased salary which had been paid by the treasurer to the State's Attorney. The Director refused to pay the voucher and stated that he would not pay any future claims for payment of salaries under the Act. The Director believed that the Illinois Constitution prohibits any increase in salary for State's Attorneys during the course of their four-year terms of office. Petitioners subsequently sought, and were granted, leave to file with this court a petition for writ of *mandamus* or other relief (Ill. Const. 1970, art. VI, §4(a); 107 Ill. 2d R. 381). Petitioners seek *mandamus* to compel the Director to reimburse the treasurer for the increased payments made by the treasurer to the State's Attorney pursuant to the Act.

In deciding whether the Illinois Constitution prohibits State's Attorneys from receiving pay increases during their terms of office, we must, of course, look to the language of the constitution itself. Section 21 of the executive article of the Illinois Constitution provides:

> "Officers of the Executive Branch shall be paid salaries established by law and shall receive no other compensation for their services. Changes in the salaries of these officers elected or appointed for stated terms shall not take effect during the stated terms." (Ill. Const. 1970, art. V, §21.)

Thus, if State's Attorneys are "[o]fficers of the Executive Branch" under the Illinois Constitution, then they cannot receive an increase in their salaries until after they have completed their current terms of office.

Section 1 of article V states that "[t]he Executive Branch shall include a Governor, Lieutenant Governor, Attorney General, Secretary of State, Comptroller and Treasurer." (Ill. Const. 1970, art. V, §1.) These six specifically enumerated officers are clearly subject to the salary-increase prohibition contained in section 21. Furthermore, section 9(a) of that article provides that the

Governor "shall appoint all officers whose election or appointment is not otherwise provided for" (Ill. Const. 1970, art. V, §9(a)), and this court, in construing a similar provision from the 1870 Constitution (Ill. Const. 1870, art. V, §10), held that such appointed officers are also members of the executive branch for pay-raise purposes (see *Peabody v. Russel* (1922), 301 Ill. 439, 444-45).

The office of State's Attorney, however, is neither specifically named in the executive article nor one which is filled by executive appointment. Instead, the office of State's Attorney is established by section 19 of article VI, the judicial article. (Ill. Const. 1970, art. VI, §19.) The judicial article, unlike the executive article (and the legislative and local government articles (see Ill. Const. 1970, art. IV, §11; art. VII, §9(b))), does not contain a general section prohibiting salary increases. Rather, the judicial article sets forth a different, specific salary provision for each of the types of officers that are enumerated in the article. (See Ill. Const. 1970, art. VI, §14 ("Judges shall receive salaries provided by law which shall not be diminished to take effect during their terms of office"), §18 ("The salaries of clerks and other non-judicial officers [appointed by judges] shall be as provided by law"), §19 ("A State's Attorney['s] *** salary shall be provided by law).) We find that the drafters of our constitution, by placing the office of State's Attorney in the judicial article, and specifying that "[a] State's Attorney['s] *** salary shall be provided by law," could not have intended that State's Attorneys be subject to the executive article's salary-raise prohibition (Ill. Const. 1970, art. V, §21). Had the drafters so intended, we believe that they would have done so in the type of clear and unambiguous language that the drafters used in prohibiting legislative, executive, and local governmental officials from receiving salary raises during their terms of office. See Ill. Const. 1970, art. IV, §11; art. V, §21; art.

VII, §9(b); see also Ill. Const. 1970, art. VI, §14 ("Judges shall receive salaries provided by law *which shall not be diminished* to take effect during their terms of office" (emphasis added)); *cf.* Ill. Const. 1870, article VI, §25 (pre-1962 revision) (the compensation for Cook County judges and Cook County State's Attorneys "shall not be changed during their continuance in office").

The Director, however, argues that despite the placement of the office of State's Attorney in the judicial article, State's Attorneys should be subject to the salary-increase prohibition contained in the executive article. The Director relies upon this court's decision in *People v. Williams* (1908), 232 Ill. 519, a number of decisions of the Illinois appellate court and numerous policy arguments to support his claim.

The issue in *Williams* was virtually identical to the issue before us here: *i.e.*, whether a State's Attorney's compensation may be increased during his term of office. (*Williams*, 232 Ill. at 520.) The Illinois Constitution of 1870, like the Illinois Constitution of 1970, placed the office of State's Attorney in the judicial article (Ill. Const. 1870, art. VI, §21). Nevertheless, despite the placement of the office of State's Attorney in the judicial article, this court held in *Williams* that, for purposes of compensation, State's Attorneys were county officers and so were subject to the constitutional provisions which prohibited county officers from receiving an increased salary during their terms of office (see Ill. Const. 1870, art. IX, §11; art. X, §10). (*Williams*, 232 Ill. at 520-21.) The conclusion that State's Attorneys were county officers was based upon this court's recognition that a State's Attorney " 'is elected for and within a county to perform his duties therein, and is not distinguished in any manner from the clerks of the courts, the sheriff, coroner and other officers connected with the administration of justice within

the county.' " *Williams*, 232 Ill. at 521, quoting *County of Cook v. Healy* (1906), 222 Ill. 310, 316.

The Director claims that this court, as it did in *Williams*, should disregard the fact that the office of State's Attorney is in the judicial article and look instead to the State's Attorneys' functions to determine whether State's Attorneys should be subject to the executive article's salary-increase prohibition. The Director cites a number of Illinois appellate court decisions (see *People v. Thompson* (1980), 88 Ill. App. 3d 375; *People v. Sievers* (1978), 56 Ill. App. 3d 880; *People v. Vaughn* (1977), 49 Ill. App. 3d 37; *People v. Baron* (1970), 130 Ill. App. 2d 588) which have utilized such a functional approach to find that State's Attorneys are members of the executive branch. We note that this court has similarly used a functional approach in finding that State's Attorneys are members of the executive branch. See *People ex rel. Daley v. Suria* (1986), 112 Ill. 2d 26, 36-38; *People ex rel. Daley v. Moran* (1983), 94 Ill. 2d 41, 45-46.

The problem with the Director's argument is that it requires us to reject the clear language and structure of the constitution in favor of a structure of government which the Director believes is more "proper and realistic." Such a rewriting or ignoring of the language of the constitution by this court would, of course, be improper. Furthermore, the reasoning used in *Williams* provides little support for the Director's argument in light of this court's decision in *Hoyne v. Danisch* (1914), 264 Ill. 467. *Hoyne* established that State's Attorneys are State officers under the language of the constitution, not, as the court had concluded in *Williams*, county officers. (*Hoyne*, 264 Ill. at 470-72.) The debates of the Sixth Illinois Constitutional Convention of 1969-70 indicate that the drafters of our present constitution agreed with the decision in *Hoyne* that State's Attorneys should be classified as State, rather than county, officials. (See 2 Rec-

ord of Proceedings, Sixth Illinois Constitutional Convention 730-31, 741-42.) *Hoyne*, however, did not address whether State's Attorneys are executive or judicial officers under the constitution.

Finally, this court's opinions in *Suria* and *Moran*, and the appellate court decisions cited by the Director, do not persuade us to accept the Director's argument. Those cases stand for the proposition that the decision concerning what charges should be filed against a criminal defendant is an executive one which should be exercised by the State's Attorney's office, and not by judges. (See *Suria*, 112 Ill. 2d at 37-38; *Moran*, 94 Ill. 2d at 45-46; *Thompson*, 88 Ill. App. 3d at 377; *Sievers*, 56 Ill. App. 3d at 885; *Vaughn*, 49 Ill. App. 3d at 39; *Baron*, 130 Ill. App. 2d at 591.) Nothing in the constitution explicitly addresses the question of who may or may not institute criminal proceedings or whether such a decision is an executive or judicial function. Accordingly, it is necessary to look to history and tradition to decide whose role it is to institute criminal proceedings. (See *People ex rel. Carey v. Cousins* (1979), 77 Ill. 2d 531, 538-39 (cited in *Moran*, 94 Ill. 2d at 45, to support the proposition that "[i]t is a familiar and firmly established principle that the State's Attorney, as a member of the executive branch of government, is vested with exclusive discretion in the initiation and management of a criminal prosecution").) Here, however, we need not look beyond the language of the constitution because, as we have explained, there are a number of specific provisions in the constitution regarding the issue of governmental salaries. Our analysis of these provisions leads us to conclude that, for purposes of compensation, State's Attorneys are not subject to the provisions of the executive article.

Accordingly, the writ of *mandamus*, ordering the Director to reimburse the treasurer for expenditures paid to

the Kendall County State's Attorney for the increased salary provided for in Public Act 85—1451, is awarded.

*Writ awarded.*

CHIEF JUSTICE MORAN took no part in the consideration or decision of this case.

JUSTICE MILLER, specially concurring:

I agree with the majority that the Illinois Constitution does not prohibit the General Assembly from increasing the salaries of the State's Attorneys during their terms of office. Because my construction of the Director's argument is somewhat different from the majority's understanding, however, I write separately to make clear the basis for my agreement with the court's decision.

The Director's argument is broader than the majority's paraphrases suggest. Contrary to the majority's view, the salary control provision found in the executive article of the Illinois Constitution (Ill. Const. 1970, art. V, §21) is not the only constitutional provision relied on by the Director in his brief filed with this court; the Director would draw additional support from a similar provision appearing in the local government article of the Illinois Constitution (Ill. Const. 1970, art. VII, §9(b)). Both provisions prohibit salary changes from taking effect during an officeholder's current term of office. The Director argues that the two provisions reflect the framers' views regarding the desirability of such a rule. The Director notes that his position is consistent with decisions under prior constitutional law (*e.g., People v. Williams* (1908), 232 Ill. 519), as well as with decisions characterizing the role of the State's Attorneys for separation of powers purposes as executive in nature (*e.g., People ex rel. Daley v. Suria* (1986), 112 Ill. 2d 26; *People ex rel. Daley v. Moran* (1983), 94 Ill. 2d 41). The Director warns that the failure to apply the salary control provisions of the executive and

local government articles to State's Attorneys must mean that their salaries may be reduced, as well as increased, during their terms of office.

As the majority notes, the Illinois Constitution provides a variety of rules governing the compensation of different groups of public officials. The legislative, executive, and local government articles of the Illinois Constitution all contain provisions prohibiting changes in salaries from taking effect during the current terms of the persons subject to those restrictions. (See Ill. Const. 1970, art. IV, §11 ("A member shall receive a salary and allowances as provided by law, but changes in the salary of a member shall not take effect during the term for which he has been elected"); art. V, §21 ("Officers of the Executive Branch shall be paid salaries established by law and shall receive no other compensation for their services. Changes in the salaries of these officers elected or appointed for stated terms shall not take effect during the stated terms"); art. VII, §9(b) ("An increase or decrease in the salary of an elected officer of any unit of local government shall not take effect during the term for which that officer is elected").) A different rule applies to the salary of the auditor general, a position created under the finance article of the Constitution: the auditor general's salary may be increased, but not decreased, during his term of office. See Ill. Const. 1970, art. VIII, §3(a) ("His compensation shall be established by law and shall not be diminished, but may be increased, to take effect during his term").

Article VI, the judicial article of the Constitution, contains several provisions governing the compensation of officers of the judicial branch of State government. Section 14 provides, "Judges shall receive salaries provided by law which shall not be diminished to take effect during their terms of office." (Ill. Const. 1970, art. VI, §14.) Section 18 provides, "The salaries of clerks and

other non-judicial officers shall be as provided by law." (Ill. Const. 1970, art. VI, §18(c).) Finally, section 19, concerning the officer of State's Attorney, says, "His salary shall be provided by law." Ill. Const. 1970, art. VI, §19.

The same canons of construction helpful in the interpretation of statutory language are also helpful in the interpretation of constitutional language. (See *Johnson v. State Electoral Board* (1972), 53 Ill. 2d 256, 258-59; *Wolfson v. Avery* (1955), 6 Ill. 2d 78, 94; *Peabody v. Russel* (1922), 301 Ill. 439, 443.) It is apparent from a reading of the relevant provisions that the framers of the current constitution chose to employ different measures with respect to the compensation of various groups of public officials. Changes in the salaries of officeholders subject to the compensation provisions of the legislative, executive, and local government articles of the Constitution may not take effect during an officeholder's current term of office. Salaries of judges and of the auditor general may be increased, but not decreased, during an incumbent's term. Finally, the provisions governing the compensation of clerks of court, of other nonjudicial officers, and of State's Attorneys are silent on the matter of changes in their salaries.

It is evident that the framers did not intent to preclude the legislature from increasing the salaries of incumbent State's Attorneys during their terms of office. There is no reason to apply to article VI, section 19, the separate compensation provisions found in other portions of the Constitution. Thus, it is of no moment here that the State's Attorneys are classified, for other purposes, as members of the judicial branch or executive branch of State government. Finally, whether today's decision means that the State's Attorneys' salaries may also be reduced during their terms of office, as the Director contends, is not at issue here.

JUSTICE CALVO joins in this special concurrence.