Eugenia SANTIAGO, et al., Plaintiffs,

v.

Richard M. DALEY, et al., Defendants.

No. 88 C 2320.

United States District Court,
N.D. Illinois, E.D.

Aug. 7, 1990.

Andrea M. Buford, Jones, Ware & Grenard, Chicago, Ill., for plaintiffs.

Patrick T. Driscoll, Jr., Chicago, Ill., for defendants Richard M. Daley and Cecil Partee.

George J. Murtaugh, Jr., Chicago, Ill., for defendant William M. Connelly.

## MEMORANDUM OPINION
## AND ORDER

SHADUR, District Judge.

On November 1, 1989 this Court issued its memorandum opinion and order (the "Opinion," 726 F.Supp. 198), rejecting the contention of Cook County State's Attorney Cecil Partee ("Partee") that he should be dismissed from this 42 U.S.C. § 1983 ("Section 1983") action brought against him in his official capacity. This opinion is issued sua sponte because of supervening state law that has been called to this Court's attention bearing directly on that issue.

As the Opinion reflects, this Court's effort to determine whether under Illinois law (which of course controls for this purpose [1]) "the State's Attorney is indeed the legal equivalent of the State itself" had to be done by parsing out inferences from some Illinois Court of Claims cases (which of course had dealt with the problem in a different context) and some Illinois Appellate Court cases as well. Based on that patching together of prior precedent the Opinion concluded (726 F.Supp. at 200) (emphasis in original):

> Illinois law does *not* equate the State's Attorney with the State for Section 1983 purposes.

But the Opinion clearly reflected the absence of any modern authority on the subject emanating from the Illinois Supreme Court itself. Since then, however, that Court has had occasion to speak in express terms to the issue—also in a different context, to be sure, but in a way that this Court must view as a binding construction of the Illinois Constitution.

Earlier this year *Ingemunson v. Hedges*, 133 Ill.2d 364, 140 Ill.Dec. 397, 549 N.E.2d 1269 (1990) acknowledged the holding in *Cook County v. Healy*, 222 Ill. 310, 316, 78 N.E. 623 (1906)—that was the Illinois Supreme Court decision that had later been relied on by the Illinois Court of Claims' decisions to which Santiago had in turn referred—as well as acknowledging the Illinois Appellate Court decisions to which Santiago had also referred. But having done so, *Ingemunson* specifically *rejected* those earlier authorities in favor of a deci-

---

1. Because the question whether a defendant other than the State itself should be equated with the State is entirely a matter of the State's governmental structure, even though the direct issue is one of applying congressional intent under Section 1983 (who is a "person" for purposes of that statute?), the relevant inquiry must be made under state rather than federal law.

sion that would appear to doom the claim against Partee here (133 Ill.2d at 369–70, 140 Ill.Dec. at 399–400, 549 N.E.2d at 1271–72):

> *Hoyne* [*v. Danisch* (1914), 264 Ill. 467, 106 N.E. 341] established that State's Attorneys are State officers under the language of the constitution, not, as the court had concluded in [*People v.*] *Williams,* [232 Ill. 519, 521, 83 N.E. 1047 (1908), quoting *Healy*] county officers. (*Hoyne,* 264 Ill. at 470–72, 106 N.E. 341.) The debates of the Sixth Illinois Constitutional Convention of 1969–70 indicate that the drafters of our present constitution agreed with the decision in *Hoyne* that State's Attorneys should be classified as State, rather than county, officials. (see 2 Record of Proceedings, Sixth Illinois Constitutional Convention 730–31, 741–42.)

Thus it clearly appears that this Court must reconsider its determination retaining Partee in his official capacity as a defendant in this case. Because a final pretrial order has already been entered and the case is ready for trial, the interested parties are ordered to file brief memoranda dealing with this issue on or before August 20, 1990 so that this Court may act promptly on the matter.[2]

---

**2.** If plaintiffs' counsel are instead prepared to acknowledge that Partee must now be dismissed under controlling Illinois law, they should promptly apprise Partee's counsel and this Court to avoid the expenditure of needless effort.