FIFTH DIVISION

November 12, 2004

No. 1-03-2112

WILLIS PRICE, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

v. )

)

THE STATE OF ILLINOIS and THE STATE'S )

ATTORNEY OF COOK COUNTY, ILLINOIS, ) Honorable

) Kathy Flanagan,

Defendants-Appellees. ) Judge Presiding.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Willis Price, appeals the order of the circuit court dismissing his tort action against defendants State of Illinois and the Cook County State's Attorney.  Upon appeal, plaintiff contends that the circuit court erred by ruling that plaintiff's cause of action could only be heard in the Court of Claims.  We affirm.

Plaintiff filed a complaint in the circuit court against defendants, alleging that he had been convicted of committing theft by deception, a Class 2 felony.  Plaintiff alleged that during sentencing, the State's Attorney misrepresented that theft by deception was a Class 1 felony, causing plaintiff to receive a sentence in excess of the maximum time period allowed by law for the offense of which he was convicted.  

Based upon these allegations, plaintiff's complaint set forth claims for breach of duty, confinement in excess of the time allowed by law, and willful and wanton misconduct.  The trial court dismissed plaintiff's complaint pursuant to section 2-619 of the Code of Civil Procedure (730 ILCS 5/2-619 (West 2002)) ruling that it lacked subject matter jurisdiction over plaintiff's claims against the State of Illinois and the State's Attorney.  The court further ruled that plaintiff's complaint must be brought in the Court of Claims.  Plaintiff filed this timely appeal.

The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation.  
Van Meter v. Darien Park District
, 207 Ill. 2d 359, 367 (2003).  When ruling on a section 2-619 motion to dismiss, the court interprets all pleadings and supporting documents in the light most favorable to the nonmoving party.  
Van Meter
, 207 Ill. 2d at 367-68.  Our review of a section 2-619 dismissal is 
de
 
novo
.  
Van Meter
, 207 Ill. 2d at 368.

The issue here is whether the trial court erred by dismissing plaintiff's complaint against the State's Attorney and the State of Illinois.  Article XIII, section 4, of the Illinois Constitution abolished sovereign immunity except as the General Assembly may provide by law.  Ill. Const. 1970, art. XIII, §4. In the Court of Claims Act, the General Assembly provided that the Court of Claims has the "exclusive jurisdiction to hear and determine *** [a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit."  705 ILCS 505/8(d)(West 1994).

The determination of whether an action is directed against the State depends upon an analysis of the issues involved and the relief sought, rather than the formal designation of the parties. 
Jinkins v. Lee
, 337 Ill. App. 3d 403, 410 (2003), 
aff'd
, 209 Ill. 2d 320 (2004).  In 
Healy v. Vaupel
, 133 Ill. 2d 295, 309 (1990), our supreme court set forth the following criteria for determining whether an action is directed against the State and must be brought in the Court of Claims:

"When 'there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State, then the cause of action is only nominally against the employee.'"  
Healy
, 133 Ill. 2d at 309, quoting 
Robb v. Sutton
, 147 Ill. App. 3d 710, 716 (1986).

In 
Sneed v. Howell
, 306 Ill. App. 3d 1149 (1999), the appellate court addressed whether, under the 
Healy
 criteria, a cause of action against a State's Attorney must be brought in the Court of Claims.  In 
Sneed
, the plaintiff was the administrator of the estate of a woman who was murdered by her ex-husband.  Two weeks prior to her death, the decedent complained to the police that her ex-husband was stalking and harassing her.  The ex-husband was not prosecuted; thereafter, he killed the decedent.  
Sneed
, 306 Ill. App. 3d at 1152.

Plaintiff filed a complaint alleging negligence and willful and wanton misconduct against the Jefferson County State's Attorney.  
Sneed
, 306 Ill. App. 3d at 1151.  Plaintiff claimed that the Jefferson County State's Attorney was a friend of the ex-husband and therefore did not take action to protect the decedent.  
Sneed
, 306 Ill. App. 3d at 1152-53.  The trial court dismissed plaintiff's claims against the Jefferson County State's Attorney based upon lack of subject matter jurisdiction.  
Sneed
, 306 Ill. App. 3d at 1153.

The appellate court affirmed: 

"According to the test outlined in 
Healy
, the court must first determine if a State's Attorney is a state employee.  Section 19 of article VI, the judicial article, of the 1970 Illinois Constitution established the State's Attorney's office.  Ill. Const. 1970, art. VI, § 19; see 
Ingemunson v. Hedges
, 133 Ill.2d 364, 367; 549 N.E.2d 1269, 1270 (1990). Even though the law creating the office is contained in the judicial article, there is still a question of whether the State's Attorney is in reality a county official. For instance, State's Attorneys are elected by the voters of each county. If State's Attorneys are county employees, then their acts would be governed by the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/1 101  (West 1994)), not the Court of Claims Act. To clarify this classification, we look at the debates of the Sixth Illinois Constitutional Convention of 1969-70.

The drafters adopted the supreme court decision in 
Hoyne v. Danisch
, 264 Ill. 467 (1914). See 
Ingemunson
, 133 Ill.2d at 369-70; 549 N.E.2d at 1271-72.  In 
Hoyne
 the supreme court dealt with the issue of whether a State's Attorney is a state employee or a county employee. 
Hoyne
, 264 Ill. at 470-71. The supreme court held that the language of the 1870 Illinois Constitution established State's Attorneys as state employees.

In 
Ingemunson
, the supreme court revisited the issue of the classification of State's Attorneys. In that case, the supreme court had to determine whether State's Attorneys were in the judicial branch or the executive branch of government. In determining that the 1970 Illinois Constitution specifically put State's Attorneys in the judicial article, the supreme court acknowledged that the drafters of the 1970 Constitution embraced the principles in 
Hoyne
.  
Ingemunson
, 133 Ill.2d at 369-70; 549 N.E.2d at 1271-72. 'The debates of the Sixth Illinois Constitutional Convention of 1969-70 indicate that the drafters of our present constitution agreed with the decision in 
Hoyne
 that State's Attorneys should be classified as State, rather than county, officials.' 
Ingemunson
, 133 Ill.2d at 369; 549 N.E.2d at 1271-72; see 2 Record of Proceedings, Sixth Illinois Constitutional Convention 730-31, 741-42. The 1970 Illinois Constitution classified State's Attorneys as employees of the State of Illinois."  
Sneed
, 306 Ill. App. 3d at 1155.

The appellate court concluded that since the Jefferson County State's Attorney was a state employee acting within the scope of his employment, the circuit court lacked subject matter jurisdiction.  
Sneed,
 306 Ill. App. 3d at 1156.

We adopt the reasoning in 
Sneed
 and hold that the State's Attorney here is a state employee who was acting in the scope of his employment during sentencing.  Accordingly, the circuit court lacks subject matter jurisdiction over plaintiff's claims against the State's Attorney; plaintiff's cause of action against the State's Attorney may only be brought in the Court of Claims.   Further, since plaintiff's claims against the State of Illinois are premised on a theory of vicarious liability for the alleged actions of the State's Attorney, plaintiff's cause of action against the State may only be brought in the Court of Claims. For the foregoing reasons, we affirm the order of the circuit court dismissing plaintiff's complaint.

Affirmed.

CAMPBELL, P.J., and GALLAGHER, J., concur.