**Marilyn RILEY, Plaintiff,**

v.

**COUNTY OF PIKE, et al., Defendants.**

No. 90–3293.

United States District Court,
C.D. Illinois,
Springfield Division.

April 15, 1991.

Steven C. Ward, Springfield, Ill., for plaintiff.

Michael O'Hara, Springfield, Ill., Brett Irving, Pike County State's Atty., Pittsfield, Ill., for defendants.

## OPINION

RICHARD MILLS, District Judge:

Age Discrimination in Employment Act (ADEA).

Should a county and the county State's Attorney's office be considered a single employer for the purpose of determining whether the ADEA's twenty employee jurisdictional requirement has been satisfied?

No.

Summary judgment for Defendants.

This cause is before the Court on Defendants' Motion to Dismiss the Complaint and/or for Summary Judgment. Since Defendants' motion is supported by an affidavit, it will be treated as a motion for summary judgment.

### Summary Judgment Standard

Under Fed.R.Civ.P. 56(c), summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Unquestionably, in determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). Nevertheless, the rule is also well established that the mere existence of some factual dispute will not frustrate an otherwise proper summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). Thus, the "preliminary question for the judge [is] not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it upon whom the *onus* of proof is imposed." *Id.* at 251, 106 S.Ct. at 2511 (quoting *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1872)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Applying this standard, the Court now turns to the case at bar.

### Facts

Plaintiff has filed an action against Pike County, the Pike County State's Attorney's Office, and the Pike County State's Attorney under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623.

Defendants moved to dismiss and/or for summary judgment on several grounds, including the ground that the State's Attorney's office was not an employer as defined in § 11 of the ADEA. Under the ADEA, an "employer" is defined as one who employs at least twenty employees "for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."[1] Defendants have supported their motion with an affidavit by the

---

1. 29 U.S.C. § 630 (b) provides:
   The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. * * * The term also means ... a State or political subdivision of a State and any agency or instrumentality of a State....

   Although it is not clear from the ADEA's definition of "employer," a unit of state government is not an employer unless it meets the twenty employee requirement. *Kelly v. Wauconda Park Dist.*, 801 F.2d 269 (7th Cir.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1592, 94 L.Ed.2d 781 (1987).

Pike County State's Attorney stating that his office has not employed twenty or more employees at any time during the years 1987–1990.

Plaintiff does not contest Defendants' claim regarding the number of employees in the Pike County State's Attorney's Office. Rather, Plaintiff asserts that the State's Attorney is a county official and therefore a co-employer with the county. Plaintiff alleges that she was paid by Pike County and covered under the county retirement benefit plan. Further, Plaintiff states that she was told before she was hired that the County Board had to approve her hiring. Consequently, Plaintiff argues the ADEA's definition of an "employer" is met because the county employs more than twenty employees.

In opposition to the Defendants' suggestion that Pike County is not a proper party, Plaintiff argues that the State's Attorney's Office acted as an agent of Pike County when it dismissed her.

### Analysis

The key issue before the Court is whether Pike County and the Pike County State's Attorney's office should be considered a single employer for the purpose of determining whether the ADEA's twenty employee jurisdictional requirement has been met.

The State's Attorney for a county has been held to be an officer of that county and not of the State. *See Santiago v. Daley*, 726 F.Supp. 198, 199 (N.D.Ill.1989). This, however, is insufficient to make Pike County and the Pike County State's Attorney's office a single employer.

■ Most cases discussing whether two employers should be considered as a single employer for ADEA purposes have dealt with corporations, but the same considerations are pertinent when considering government entities. "[T]he appropriate standard for determining whether nominally separate [employers] are to be considered a single employer is whether they comprise an integrated enterprise." *Brown–Riske v. Household Int'l, Inc.*, 1990 WL 37657, 1990 U.S. Dist. LEXIS

3176 (N.D.Ill.1990). Criteria to be considered in determining whether two entities should be considered a single employer include (1) the interrelation of operations, including such things as common offices, common record keeping, common bank accounts and common equipment; (2) common management, directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership or financial control. *See Kelly v. Sharon Sales, Inc.*, 1987 WL 11633, 1987 U.S. Dist. LEXIS 4273 (N.D.Ill.1987); *Skriba v. Capitol Federal Savings and Loan Ass'n*, No. 80 C 4083, slip op. (N.D.Ill. January 20, 1981).

In addition to these factors, when the employers in question are government entities, additional criteria come into play. In *Orenic v. Illinois State Labor Relations Bd.*, 127 Ill.2d 453, 130 Ill.Dec. 455, 537 N.E.2d 784 (1989), constitutional separation of powers concerns were one factor that led the Illinois Supreme Court to hold that the Illinois circuit courts could not be co-employers with the counties in which they sat, even though the counties set and paid the salaries of non-judicial employees.

Plaintiff relies heavily on *County of Kane v. Illinois State Labor Relations Bd.*, 165 Ill.App.3d 614, 116 Ill.Dec. 359, 518 N.E.2d 1339 (1988), where it was held that the Kane County Sheriff's office and Kane County were co-employers even though Sheriff had control over internal operations, since he had to operate within the county board's budgetary authority. The basis for this decision was that "the County is a necessary party to the creation of an effective bargaining relationship...." *County of Kane*, 165 Ill.App.3d at 623, 116 Ill.Dec. 359, 518 N.E.2d 1339.

■ This case falls somewhere between *Orenic* and *County of Kane*. As was true of the county sheriff's office in *County of Kane*, the State's Attorney's office operates within a budget approved by the County Board, the employees are paid by the county, and the State's Attorney has control over the internal operations of his office.

However, while the county State's Attorney is a county official, he is also a constitutional officer who is part of the executive branch of state government and who exercises executive powers. *See People v. Thompson*, 88 Ill.App.3d 375, 43 Ill.Dec. 600, 410 N.E.2d 600 (4th Dist.1980). This is reflected in the fact that unlike the salary of the county sheriff, the salary of the county state's attorney is set by the state legislature. *Ill.Const.1970*, Art. VI, § 18; *Ill.Rev.Stat.*, ch. 34, ¶ 4-2001.

More importantly, both *Orenic* and *County of Kane* focused on who should be considered the employer for purposes of bargaining with the union. Although it is also adopted from labor law, the four factor single employer test herein discussed is much more relevant to an employer determination under the ADEA than is the determination of what constitutes an effective bargaining unit. In an ADEA suit the focus is on whether the personnel actions were taken for illegal reasons; the criteria that determine who should be considered an employer should focus on who has control over the employee.

Considering the four criteria set forth in *Brown–Riske v. Household Int'l, Inc.*, 1990 WL 37657, 1990 U.S. Dist. LEXIS 3176 (N.D.Ill.1990), the Court finds that:

(1) the interrelation of operations is limited to the county writing the paychecks for the employees of the State's Attorney's office;

(2) there is no common management between the State's Attorney's office and other county operations;

(3) control over labor relations and personnel was not centralized;

(4) the county's financial control was limited to making a budget appropriation for the State's Attorney's office.

The balance of these four criteria and the traditional and beneficial autonomy of the State's Attorney's office lead the Court to conclude that Pike County and its State's Attorney's office do not "comprise an integrated enterprise" and should not be considered a single employer under the ADEA.

Conclusion

The limited connection between the Plaintiff and Pike County is insufficient to make Pike County a co-employer of the Plaintiff. Plaintiff's suggestion that Pike County and the Pike County State's Attorney's office be considered co-employers for the purposes of determining whether the "employer" has enough employees to be subject to the ADEA is rejected.

Since the Pike County State's Attorney's Office does not employ a sufficient number of employees to be considered an "employer" under the ADEA, the question of whether Pike County is a proper party is moot.

*Ergo*, Defendants' Motion to Dismiss the Complaint and/or for Summary Judgment is ALLOWED.

Summary Judgment is entered for the Defendants.

Case CLOSED.